## JOB RACKLEFF *versus* JONATHAN NORTON.

In a writ of entry by a mortgagor without declaring upon the mortgage, the tenant should set up by way of defence his right to redeem, to restrict the demandant to a conditional judgment.

When no time nor place appears in a magistrate's acknowledgement of a deed — the date of the deed — and the county in which such magistrate has jurisdiction, are presumed to be the time and place of such acknowledgement.

The sheriff's deed of an equity of redemption is not required to be recorded by St. 1821, c. 60.

THIS was a writ of entry brought to recover possession of certain lands in St. George. The general issue was pleaded and a brief statement filed alleging the title to be in William Pierce and others.

The plaintiff replied to this brief statement by denying the title of Pierce and others, and the right of tenant to set up said title, because he had in no way connected himself with such supposed title of Pierce and others.

It appeared from the report of SHEPLEY J. before whom the cause was tried, that the land was mortgaged to one Thomas Sylvester by the tenant, by deed dated Oct. 5, 1818, to secure the payment of fifty-six dollars. The mortgage was assigned to one Brown, by whom a suit was brought on said mortgage and judgment for possession obtained, upon which a writ of possession was issued the 19th Nov. 1822, which is lost.

The tenant's right in equity to redeem the mortgaged premises was duly sold on an execution, Durgin against him, Dec. 5th, 1823, having been attached on the writ, July 7th, 1823. The officer's deed was recorded Sept. 14th, 1840. The tenant's right in equity to redeem the same was attached on a writ in favor of J. Ruggles against him, Dec. 17th, 1825, and was duly seized on execution, and sold on the 24th of June, 1826. The officer's deed bears the same date, but the acknowledgement is without date and no county is stated within which it is stated to have been taken. The deed was recorded Oct. 8, 1839.

The demandant also introduced deeds of the demanded

premises from Isaac Brown to Otis, and from Otis to the demandant, both being dated and recorded Oct. 9, 1839.

It was also proved that said land was attached at the suit of Wm. Pierce and others against said tenant, on the 11th of Feb. 1828, in which suit judgment was duly recovered and execution issued, on which within thirty days from the rendition of judgment the demanded premises were set off and the return duly recorded. The return was objected to by the demandant's counsel, because the officer chose two of the appraisers without having certified that he had notified the debtor to choose one, but the objection was overruled — the return showing that "said Norton had neglected to choose any person."

It was proved that the tenant had been in possession of the land since 1818, and that on the 4th of Dec. 1824, he paid the sum and interest for which the equity had been sold on the 5th of Dec. 1823.

There was evidence in the case, from which the tenant contended that the sum secured by mortgage was paid before the equity was attached or sold on the process of Ruggles against him; and that the officer's deed to Brown, on the sale upon the Ruggles execution, was not executed until after the attachment made by Pierce and others. There was testimony that the deed was not delivered until 1839, and testimony from which a different conclusion might be drawn.

The presiding Judge was requested to instruct the jury, if they should be satisfied the equity was attached and duly sold on the process, *Durgin* v. *Norton,* that the second attachment on the writ in favor of said Ruggles, and the sale consequent thereon, were void.

2. That if the jury should be satisfied that the deed from Ulmer to Brown, given on the sale of the equity on the execution of said Ruggles was not delivered until after the 11th of Feb. 1828, they should find for the tenant.

3. That neither the deeds nor officers' returns on the Durgin and Ruggles executions having been recorded until long after the attachment and levy in favor of Pierce and others, they should find for the tenant.

These instructions were withheld, and the jury were in-structed that if they should find that the mortgage was not paid before the equity was sold on the execution in favor of said Ruggles, and that the deed given on that sale was executed before the attachment was made by Pierce and others, they should find for the demandant.

The jury returned their verdict for the demandant, and found specially that the mortgage was not paid before the equity was sold on the Ruggles execution; and that the said deed was executed before the attachment made by Pierce and others.

If these rulings and instructions were erroneous, the verdict for the plaintiff is to be set aside and a new trial granted.

*J. S. Abbott*, for the tenant.

*H. C. Lowell*, for the demandant.

The opinion of the Court was delivered by

WESTON C. J. — The demandant, having the interest of the mortgagee, and it being found that the money secured by the mortgage has not been paid, is entitled to prevail against any title derived from the mortgagor. He might maintain a writ of entry, without declaring on the mortgage; and if the tenant would set up a right in equity to redeem in himself, or any one under whom he holds, he should set it up in defence, to restrict the demandant to a conditional judgment. This not having been done, the demandant is entitled to judgment on the verdict, whatever may be the title derived from the sale of the equity on the execution in favor of John Ruggles.

With regard to the acknowledgement of the deed from the officer to the demandant upon that sale, the authority of the magistrate, by whom it is certified, is not controverted, and it must be taken to have been done in the county where he has jurisdiction. The law does not require, that the place where it is taken should appear in the certificate. That not being dated, the word then, which is a relative term, indicating time, must refer to the date of the deed. And as the grantee is in possession, claiming under it, it must be taken to have been

Rackleff *v.* Norton.

delivered at the time, in the absence of all testimony, showing it to have been delivered at a later period.

When the officer, having previously taken the preliminary steps, sold the equity of redemption and made, executed, acknowledged and delivered a deed to the highest bidder, the title of the execution debtor is thereby divested. Publicity of the seizure and sale is by law required to be given in the fullest and most effectual manner. Unless it is redeemed within the time limited, or the sale is abandoned, the same property cannot be again seized by another creditor. The return of the officer, on the execution, is additional notice to the public of his proceedings. The statute does not make it essential to the validity of the sale, that the officer's deed should be recorded. St. of 1821, c. 60. The eighteenth section provides, that his deed shall be as effectual to convey the equity, as if made by the debtor. That may be considered as declaring, that these proceedings operate a statute transfer of his title. If the registry of the deed is necessary to put the estate out of the reach of other creditors, or of a subsequent purchaser, it is deducible by construction. And it being a public transaction, notified by advertisements posted and published, and by the officer's return, we are of opinion, that a subsequent levy or sale, by another creditor, although the purchaser's deed may not have been recorded, ought not to have the effect to defeat his levy. It might have the effect to give more perfect notice to purchasers and others, if the officer's deed should be required to be recorded, within a limited period, as in cases of levy. But this is a matter, which belongs to the legislative department.

*Judgment on the verdict.*