# Motes *v.* Carter.

*Statutory Real Action in the Nature of Ejectment.*

1. *Conveyance of homestead; when wife's acknowledgment insufficient.*—A certificate of the acknowledgment of the wife to a conveyance of the homestead, executed in 1881, that "she signed the same of her own free will and accord, without fear, constraint, or persuasion of her husband," omitting the words "or threats," required by the amendatory act of February 9th, 1877 (Pamph. Acts, 1876–7, p. 33), is insufficient to divest the title to the homestead.

APPEAL from Pike Circuit Court.

Tried before Hon JOHN P. HUBBARD.

This was a statutory real action in the nature of ejectment, brought by P. D. Motes against William Carter, and was commenced on 10th February, 1883. The plaintiff claimed title under a mortgage executed by the defendant and his wife on 9th February, 1881; the land conveyed thereby, and sought to be recovered in this action, constituting, at the time of the execution of the mortgage, and of the institution of the suit, the defendant's homestead. The plaintiff having offered in evidence the mortgage, the defendant objected thereto, on the ground that the certificate of his wife's acknowledgment did not conform to the statute. The court sustained the objection, refused to allow the mortgage to be read to the jury; and to this ruling the plaintiff excepted, and took a nonsuit. The language of the certificate is sufficiently stated in the opinion.

The ruling above noted is here assigned as error.

PARKS & SON, for appellant.

[Turner et al. v. Teague et al.]

GARDNER & WILEY, *contra.*

STONE, J.—The present statutory real action rests its right of recovery on a mortgage of the homestead, made by husband and wife. The sufficiency of the certificate of the wife's acknowledgment is the question for our consideration. The mortgage was executed and acknowledged in February, 1881. The language of the certificate is, that she acknowledged " she signed the same of her own free will and accord, without fear, constraint or persuasion of her husband." This is the exact language of the act, approved April 23, 1873.—Pamph. Acts, 65–6. The law remained without change, until the later statute was enacted on the subject, approved February 9, 1877.—Pamph. Acts, 33–4. The form of acknowledgment prescribed by that statute is, " that she signed the same of her own free will and accord, and without fear, constraint, or threats on the part of the husband." The sufficiency of the certificate before us, it will be observed, must be tested by the later statute.

Ordinarily, it would seem, the absence of fear and constraint would imply that there had been no threats, which could have influenced the wife's conduct. The history of this legislation, however, forces us to a different interpretation. The act of 1873 contained the words fear and constraint. The act of 1877 superadded the word threats, and we must presume the legislature had some object in doing so. It would violate all rules of interpretation to hold that the added word had no purpose. The certificate was insufficient to divest the title of the homestead.—*Scott v. Simons*, 70 Ala. 352.

Affirmed.