# Crim v. Nelms.

*Statutory Action in nature of Ejectment.*

1. *Estoppel between landlord and tenant.*—The rule which holds a tenant estopped from disputing the title of his landlord, without first surrendering the possession which he has received, is founded on considerations of public policy, and is co-extensive with its requirements and purposes; and it depends on the existence of the legal relation, which can only be created by a valid contract.

2. *Same; alienation of homestead.*—A conveyance of the homestead by husband and wife, the voluntary signature and assent of the wife not being shown and certified as required by law (Code, § 2822), is a nullity, and has no operation against the husband, by estoppel or otherwise; and a subsequent verbal promise by him to pay rent to the grantee, no surrender or change of possession being shown, is without consideration, and does not create the relation of landlord and tenant between them.

VOL. LXXVIII.

[Crim v. Nelms.]

APPEAL from the Circuit Court of Lee.

Tried before the Hon. H. D. CLAYTON.

This action was brought by John T. Crim, against Allen Nelms, tenant in possession, to recover a tract of land containing eighty acres; and was commenced on 18th October, 1881. In the marginal statement of the parties' names, in the several minute-entries, the name of J. J. Yarbrough, as landlord, is entered, and he seems to have been admitted to defend in that capacity; but the fact is nowhere stated in the record. The defendant pleaded not guilty, and the cause was tried on issue joined on that plea. On the trial, as the bill of exceptions states, the plaintiff read in evidence, after proving its execution, a deed for the premises sued for, executed to him by J. J. Yarbrough and Matt A. P. Yarbrough; which deed was dated February 8th, 1875, recited as its consideration the payment of $725 in cash, and was acknowledged by the grantors, on the day of its date, before a justice of the peace, whose certificate was in due form; but there was no certificate of the acknowledgment by said Matt A. P. Yarbrough, as the wife of said J. J. Yarbrough, on examination separate and apart from her husband, nor is it any where stated Matt A. P. Yarbrough was the wife of said J. J. Yarbrough. "The plaintiff then introduced evidence tending to show that, immediately after the execution of said deed, said Yarbrough rented said land from plaintiff for the year 1875, and continued to rent the same annually, either in person or for another person, until the year 1880, agreeing that the rent should be paid to plaintiff, until a short time before the beginning of this suit. There was no evidence of tenancy by defendant, except while he resided on the land. The evidence on the part of the defendant showed that said Yarbrough was a married man at the time of making said deed, and resided on the said land, occupying it as a homestead. There was, also, evidence tending to deny the renting of said land by said Yarbrough from plaintiff, and on this subject the evidence was conflicting. This was all the evidence, and all the evidence tended to prove, except as to the value of the annual rent. On this state of the evidence, the court charged the jury, on the request of said Yarbrough, that they should find for the defendant, if they believed all the evidence in the case." The plaintiff excepted to this charge, and he now assigns it as error.

WM. H. BARNES, for appellant.—The question is not whether the plaintiff had title, but whether the defendant was in a condition to deny or dispute the fact; and on that question the appellant cites *Pope v. Harkins*, 16 Ala. 321; *Clark v. Clark*, 51 Ala. 498; *Milton v. Haden*, 32 Ala. 30; *Miller v.*

[Crim v. Nelms.]

*Bosandon*, 9 Ala. 317; *Farris & McCurdy v. Houston*, 74 Ala. 162.

Wm. J. Samford, and Geo. P. Harrison, *contra.*—The deed on which plaintiff sought a recovery was void—was a mere nullity, having no legal effect or operation.—*Miller v. Marx*, 55 Ala. 322: *McGuire v. VanPelt*, 55 Ala. 344; *Halso v. Seawright*, 65 Ala. 43; *Alford v. Lehman, Durr & Co.*, 76 Ala. 526. The relation of landlord and tenant never existed between him and Yarbrough, and the latter was not estopped from showing the fact.—Taylor's Landlord & Tenant, §§ 706–08.

CLOPTON, J.—The sole question of contention is, whether the appellee, Yarbrough, who appeared and made himself a defendant, as landlord of the tenant in possession, is precluded to show title in himself, by the general rule, which estops a tenant from disputing the title of his landlord, without first surrendering possession. The estoppel is founded on considerations of public policy, and is co-extensive with its requirements and purposes. It rests on the equitable doctrine, that one having obtained possession of another's land, by recognizing and admitting his title, shall not be allowed to call it in question, without restoring the latter to the vantage-ground of possession, on which to litigate his title. It may be generally said, that the estoppel applies in all cases where the tenant is let into possession, even if he be the owner. The owner, out of possession, will not be suffered to obtain it by the artifice of renting, and avail himself of the undue advantage in the assertion of his title. The estoppel applies whenever there has been a letting into possession, either actual or constructive, and is co-extensive with the possession received—a delivery of corporeal possession, or circumstances under which a continuance in possession is equivalent to a fresh letting.

A decision of the case does not require the consideration of the well settled exceptions to the general rule. Unless a tenancy is shown, the rule has no operation. To the enforcement of the estoppel, the relation of landlord and tenant must be established. The rule does not prohibit to an alleged tenant the right to show that such relation was not created. The primary and controlling question, on the facts shown by the record, is, does such relation exist, so as to bring the defendant within the influence of the rule?

The relation of landlord and tenant depends for its existence on a valid contract, express or implied. If the contract is in violation of law, or against public policy, the relation is wanting.—*Rainey v. Capps*, 22 Ala. 288. On like principle, where the tenant is induced to accept a lease by force, fraud, or mis-

[Crim v. Nelms.]

representation, or accepts under a mistake, or in ignorance of his rights, he may impeach the title of his landlord. A tenancy thus obtained is not valid, and being avoided, the relation of landlord and tenant is not established. And the tenant is not estopped from showing that the title of the landlord has expired, or been extinguished, whereby the relation has been terminated. As to its validity, a contract of lease depends on the same principles as the validity of other contracts. Unless supported by an sufficient legal consideration, it is invalid—incapable of enforcement. Without a legal, valid contract, there is nothing from which the relative rights, liabilities, and duties of landlord and tenant, can arise.

*Shelton v. Carroll*, 16 Ala. 148, was an action of ejectment against the tenant in possession. Synott and his wife were admitted to defend, and entered into the usual consent rule. The plaintiff derived title to the premises as the alienee of Hansford, who continued in possession, paying rent to the plaintiff up to his death. His widow remained in possession after his death, being entitled to dower and quarantine. She afterwards married Synott, who entered in possession in right of his wife; and afterwards, while in possession, paid rent to the plaintiff for a short time. CHILTON, J., says: "As to the payment of rent by the defendant, Synott, to the lessor of the plaintiff, it is shown that such payment was gratuitous, and was doubtless made under a mistaken view of his rights. The relation of landlord and tenant did not in fact exist by any valid contract. Synott having the right to occupy the premises until dower was assigned to his wife, the gratuitous payment of rent could not estop him from showing the true character in which he held the premises. He entered under no lease, but held in right of his wife; and although the payment of rent raised the presumption of a lease, it was but a presumption, and therefore liable to be rebutted."

No proof of title is required to support ejectment by a landlord against the tenant, if a tenancy is shown. A verbal agreement to pay rent, if not within the statute of frauds, or its actual payment, may be sufficient to raise a presumption of the relation, and make it incumbent on the defendant to show the invalidity of the agreement, or its insufficiency to originate the relation. An actual letting into possession, or its equivalent, is a sufficient consideration; and if no other valid objection to the contract exists, the lessor, under ordinary circumstances, must be put in *statu quo*, before the lessee can assail his title. But, where the landlord is out of possession, and has no title, really or *prima facie* sufficient to confer possession, or enjoyment of the premises by his permission, and his condition or position is not changed in any respect, either to his detriment,

or to the advantage of the tenant, the latter may prove the true character of the transaction, for the purpose of showing that the relation of landlord and tenant has no foundation. *Fuller v. Sweet*, 30 Mich. 237; 18 Amer. Rep. 122; *Cornish v. Seawell*, 8 B. & C. 471; *Grovenor v. Woodhouse*, 1 Bing. 38; *Fariss & McCurdy v. Houston*, 74 Ala. 162.

Yarbrough was the owner of the land, to recover which the action was brought, and was in possession, occupying it as a homestead, at the time of the execution of the deed by himself and wife to the plaintiff, in February, 1875. The voluntary signature and assent of the wife are not shown by an examination separate and apart from her husband, certified to in writing upon, or attached to the deed, as required by section 2822 of Code. The plaintiff was out of possession, with no pretense of claim or title, other than the deed; which, by our uniform decisions, is a nullity, and confers no rights. It is not sufficient to support ejectment against the husband, nor does it operate against him by estoppel or otherwise.—*Miller v. Marx*, 55 Ala. 322; *McGuire v Van Pelt*, *Ib.* 344; *Halso v. Sedwright*, 65 Ala. 43; *Alford v. Lehman, Durr, & Co.*, 76 Ala. 523. As the evidence is conflicting as to the fact of renting, we must concede that, immediately after the execution of the conveyance, Yarbrough rented the land from the plaintiff for the year 1875, and continued to rent it annually, either for himself or another, until 1880. At the time of the making of the deed there was no ostensible change of possession, or of the condition of the parties. It does not appear that any rent was in fact paid or demanded, nor that there was a written lease, or a written promise to pay rent.

As the deed conferred no rights, the plaintiff was without pretense of title to confer possession, or make a new letting to the owner of the land in possession, who had executed the conveyance. Had the plaintiff brought, before the promise to pay rent, an action to recover the lands, Yarbrough's title, possession, and right of possession, would have been a full and complete defense. The plaintiff was powerless to put Yarbrough out, or even to disturb his possession. If he had entered into possession without permission, he would have been a trespasser. Had the defendant been in possession without title, and on assertion of title by the plaintiff, which was conceded and recognized by the defendant, his promise to pay rent, and agreement to hold thereafter under the plaintiff, would have been supported by a sufficient consideration. But even a controversy respecting the title and right to possession, based on a claim under the deed, which had not assumed the form of a pending suit, would not have been a consideration sufficient to support a verbal promise to pay rent as a compromise and set-

[Crim v. Nelms.]

tlement, there being no reasonable ground for such controversy.—*Prater v. Miller*, 25 Ala. 320 ; *Prince v. Prince*, 67 Ala. 565.

The land was the homestead of the defendant, which it is the policy of the State to secure from the reach of creditors, for the enjoyment and benefit of himself and family ; and the alienation of which the wife is invested with power to prevent The deed, purporting to alienate this homestead—a mere nul liity—is the only foundation on which to base the validity of the renting. They may be regarded as parts of one transaction. The case is one of a naked promise by the owner of real property, of which he is possessed, and which is his homestead, to pay rent for the use and enjoyment of the same, to a third person, without any element of detriment or inconvenience to the promisee, or of benefit to the promisor. If such transaction can impart validity to the relation of landlord and tenant, then a mere unsupported verbal promise may defeat the public policy, as expressed in the statute and organic law. The plaintiff parted with nothing, and the defendant gained nothing. Such promise is gratuitous, and does not operate to preclude the defendant to show the true state of facts, and the right in which he held the premises, to the end of disproving the relation of landlord and tenant. Otherwise, the estoppel, which was designed merely for the protection of the landlord, would be perverted to the destruction of the tenant. Evidently the deed to plaintiff was executed, and the renting was induced, by a mistake, or in ignorance of the rights of the parties, and of the effect of the deed.

The record does not show at what time, under whom, or by what agreement, Nelms, the tenant in possession, entered on the premises. But, as Yarbrough appeared, and made himself a defendant, as landlord of Nelms, and assumed the defense, without objection, so far as appears, and as counsel have treated and argued the case as a suit between plaintiff and Yarbrough, involving their rights and liabilities alone, we have so considered it.

Affirmed.