## Strauss & Steinhardt *v.* Harrison.

*Action on the Case by Landlord, against Purchaser of Tenant's Crop with Notice of Lien for Rent.*

1. *Rents, as between mortgagor and mortgagee.*—When a mortgagor is in possession, before default, he is not the tenant of the mortgagee, nor liable for rent, in the absence of a stipulation to the contrary in the mortgage; but, after default, or the happening of other contingency specified, the legal title and estate being vested in the mortgagee, he may make entry, or require the mortgagor to pay rent; and if he suffers the mortgagor to continue in possession, on his promise to pay rent, the relation of landlord and tenant, with all its rights and incidents, is thereby created between them.

2. *Mortgage of homestead.*—A mortgage of the homestead by husband and wife, the voluntary signature and assent of the wife not being shown and certified as required by law (Code, § 2822), is a mere nullity, and has no operation against the husband, by estoppel or otherwise; and a subsequent promise by him, after default, to pay rent to the mortgagee, no surrender or change of possession being shown, is without consideration, and does not create the relation of landlord and tenant between them.

3. *Same; certificate of wife's acknowledgment.*—A certificate, appended to a mortgage of the homestead by husband and wife, which states that the wife "acknowledged that she signed the same of her own free will and accord, and without fear, constraint, or *persuasion* on the part of her husband," is not a substantial compliance with the statute (Code, § 2822), which uses the words "fear, constraint, or *threats* on the part of the husband."

VOL. LXXIX.

[Strauss & Steinhardt v. Harrison.]

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Williamson Harrison against Strauss & Steinhardt as partners, to recover damages for the defendants' alleged wrongful act in receiving and selling six bales of cotton, on which plaintiff claimed a statutory lien as landlord, of which lien they had notice; and was commenced on the 24th October, 1885. The cotton was raised by one Grant, during the year 1885, on lands which had belonged to him, and which he had conveyed to the plaintiff by mortgage dated December 31st, 1883, in which his wife joined. The certificate appended to this mortgage, or the material part thereof, is copied in the opinion of the court. On the 16th December, 1884, which was after the law-day of the mortgage, said Grant executed to plaintiff his written obligation to pay six bales of cotton, as rent for the land during the year 1885; but there was no surrender or change of possession. On the 30th January, 1885, said Grant executed to the defendants a statutory note and mortgage for advances made and to be made during the year 1885; and the cotton raised by him was delivered to them in satisfaction of this indebtedness. The defendants requested the following charges to the jury: "(1.) If the jury believe the evidence, they must find for the defendants." "(2.) The mortgage from Grant to plaintiff is void as to the homestead of said Grant, and the plaintiff can not recover for any cotton raised on said homestead." The court refused each of these charges, and the defendants duly excepted to their refusal; and the refusal of these charges, with other rulings, is now assigned as error.

L. M. LANE, for the appellants, cited *Crim v. Nelms*, 78 Ala. 604; *Motes v. Carter*, 73 Ala. 553.

GAMBLE & RICHARDSON, *contra*.

CLOPTON, J.—The action is brought by appellee, to recover damages for the defeat of his lien as landlord on six bales of cotton, purchased by the defendants from Joseph Grant. The sole contestation is, whether the relation of landlord and tenant existed between the plaintiff and Grant. On December 31, 1883, Grant and wife executed to the plaintiff a mortgage on personal and real property, to secure an indebtedness therein described. The real property included, in addition to other land, the homestead of the mortgagor, which he had owned, and been in possession of since 1866, and was occupying as a homestead at the time the mortgage was made. In December, 1884, after the law-day of the mortgage, Grant

[Strauss & Steinhardt v. Harrison.]

executed to the plaintiff an obligation to pay six bales of cotton for rent of the premises during 1885. There was no entry, nor change of possession. Six bales of the cotton raised on the premises in 1885, the larger portion of which grew on the homestead land, were delivered by Grant to the defendants, who appropriated them to their own use.

Though the mortgagor, where by the terms of the mortgage he is entitled to possession until default, or the happening of some other contingency, is not a tenant, nor liable for rent until after the law-day, or the happening of the contingency, the legal title and estate, under the theory of mortgages as settled by our decisions, vest at law in the mortgagee, who is entitled to immediate possession, and who may make entry, or put the mortgagor out of possession, without notice to quit. Nothing remains in the mortgagor but an equity of redemption, and his continuance in possession thereafter is at the will, or by sufferance of the mortgagee, though he is not liable for rents and profits until the mortgagee becomes active in making claim. *Scott v. Ware*, 65 Ala. 174; *McMillan v. Otis*, 74 Ala. 560. The parties may contract, at the time of making the mortgage, that the mortgagee shall take and retain possession, with power to receive the rents and profits until default, or that the mortgagor may remain in possession on condition to deliver the produce, or a part thereof, or to pay stipulated rent. The mortgagee may subsequently purchase, in good faith, the equity of redemption, and may contract with the mortgagor in respect to the mortgaged premises, without his transactions being impeached simply because he is a mortgagee, though they may be subject to vigilant and strict scrutiny. After default, he may make entry, and rent the premises to any other person. There is nothing in the reason or policy of the law, or in the relation between the parties, which prohibits the mortgagee, when entitled to immediate possession, instead of making actual entry, to permit the mortgagor to remain in possession on an agreement to pay rent, which is the equivalent of a fresh letting. Such contract of rent creates the relation of landlord and tenant, with its incidents and rights; and imposes a liability to account for the rent so received, as a mortgagee in possession.

But, that the relation may arise, when the mortgagor is the true owner of the land, is in possession under title in himself, and occupying it as a homestead, at the time of the execution of the mortgage, and of the making of the rent contract, such contract must be founded on the mortgagee's right to possession, under a valid and operative conveyance.—*Crim v. Nelms*, 78 Ala. 604.

The officer, who took the wife's acknowledgment of the ex-

[Strauss & Steinhardt v. Harrison.]

ecution of the mortgage to the plaintiff, certifies, she "acknowledged that she signed the same of her own free will and accord, and without fear, constraint, or persuasion on the part of her husband." In *Motes v. Carter*, 73 Ala. 553, a certificate, in substantially the same language, was held to be insufficient to divest the title of the homestead. The mortgage, therefore, is a nullity as to the homestead. It confers no rights on the plaintiff, nor divests the mortgagor of any. It has no operation against the latter, by estoppel or otherwise. Under such mortgage, the plaintiff did not, and could not, acquire any right to possession of the homestead, as against the mortgagor, and could not interfere with, nor disturb his possession. The record shows that the mortgagor had been the owner of the land since 1866, and that he was in possession, occupying it and claiming it under his own title. In such case, in the absence of any other claim or pretense of right or title, a mortgage and the claim under it constitute no sufficient foundation, on which to uphold a contract effectual to create the relation of landlord and tenant.—*Crim v. Nelms*, 78 Ala. 604.

The well-declared policy of the State is to exempt, for the benefit of the debtor and his family, the homestead from sale under legal process for debt. Such exemption is founded on considerations of humanity and benevolence, and of the public weal—a preventive of pauperism. It is incorporated in the organic law, guarded by the provision, that a "mortgage, or other alienation of such homestead, by the owner thereof, if a married man, shall not be valid, without the voluntary signature and assent of the wife to the same;" and by statute, the voluntary signature and assent must be shown by an examination separate and apart from her husband, and attested by an official certificate in a prescribed form. The purpose is, that the owner and his family shall have the use, occupation and enjoyment of the homestead, and the appropriation of the income and profits to their benefit and support. To suffer the husband, by an unsupported agreement to lease, to place himself in a position, where he may be compelled to quit the occupancy of the homestead by a compulsory surrender of possession, and to sustain a diversion of the profits from the maintenance of the family to the payment of such rent, would be to defeat the benign purposes of the law by his mere recognition of the unfounded claim of a stranger, and to violate the established policy of the State. In respect to the homestead, the relation of landlord and tenant did not exist.

It results, that the plaintiff had no lien on the portion of the cotton which was raised on the homestead, but had a lien on that part which was raised on the mortgaged land in excess of

the homestead. The second charge requested by the defendants should have been given.

Reversed and remanded.