# Daniels v. Lowery.

*Bills in Equity to have Absolute Deeds declared Mortgages, and for Account.*

| 92 | 519 |
|-----|------|
| 101 | 422 |
| 102 | 244 |

| 92 | 519 |
|-----|------|
| 108 | 538 |

| 92 | 519 |
|-----|------|
| 111 | 623 |
| 114 | 614 |

| 92 | 519 |
|-----|------|
| 125 | 148 |

| 92 | 519 |
|-----|------|
| 131 | 345 |

1. *Declaring absolute conveyance.*—A court of equity is inclined to consider a transaction as a mortgage rather than a conditional sale, and does not require that the evidence should be so clear and convincing as when the effort is to have an absolute sale declared a mortgage, yet a conveyance absolute on its face will be declared a mortgage, where the evidence clearly shows, as here, that the transaction originated in a loan of money, that a continuing debt existed, in the form of notes for the annual rent, on which payments were made in excess of the amounts specified, and that the value of the land greatly exceeded the amount of the debt.

2. *Alienation of homestead; certificate of acknowledgment by wife.*—A certificate of acknowledgment by the wife, appended to a conveyance of the homestead, which states that she signed the same "of her own free will and accord, and without fear, constraint or *persuasion* on the part of her husband" (Code, § 2508), is substantially defective.

APPEALS from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A FOSTER.

These two causes were submitted together—the facts and the grounds of relief being substantially the same in both causes. The bills were filed by Robert Lowery and Peter Lowery, respectively, against W. J. Daniels; and sought to have deeds, which were absolute in form, declared mortgages, and to allow the mortgagors, who were the complainants, respectively, to come in and redeem the land so conveyed. Each bill alleged that the complainant therein borrowed a certain amount of money from the defendant, for which he gave the deed in question, but that such deed was intended by the contracting parties to be in fact a mortgage, being executed only for the purpose of securing the payment of the money so borrowed from the defendant. The defendant denied these averments, and contends that the deed in each instance was an absolute sale of the property therein conveyed. The certificate of acknowledgment attached to the deed made by Robert

[Daniels v. Lowery.]

Lowery and Mariah Lowery, his wife, stated that Mariah Lowery, being examined separate and apart from her husband, &c., "acknowledged that she signed the same of her own free will and accord, and without fear, constraint or *persuasion* of her husband."

On the final hearing, upon the pleadings and proof, the chancellor granted the relief prayed; and it being shown by the register's report that the whole amount borrowed had been paid, and over-paid, decreed that the deeds in each case be cancelled. The defendant in each case appeals, and assigns each decree of the chancellor as error.

J. H. PARKS, for appellant, cited *Mitchell v. Wellman*, 80 Ala. 16; *Douglass v. Moody, Ib.* 61; *Turner v. Wilkinson*, 72 Ala. 361; *Parks v. Parks*, 66 Ala, 326; *Logwood v. Hussey*, 60 Ala. 417; *Peoples v. Stalla*, 57 Ala. 53.

GAMBLE, BRICKEN & GAMBLE, *contra*, cited *Lyon v. Powell*, 78 Ala. 351; *Turner v. Wilkinson*, 72 Ala. 361; 2 Jones on Mortgages, §§ 256, 258, 266.

COLEMAN, J.—The two bills were filed for the same purpose, namely, to have deeds which are absolute in terms declared to be mortgages. The evidence in the two cases is very similar; many of the same witnesses are examined in both cases; the parties are represented by the same counsel, and they respectively ask that the briefs filed in one case be considered as the briefs for the other, and that the cases be considered together.

In the case of Robert Lowery, both he and his wife testify positively, that it was understood and agreed that the deed should stand as a mortgage to secure the loan of two hundred dollars. W. J. Daniels, the grantee, states, there was no such agreement; that he refused to loan Robert Lowery any money, and refused to accept a mortgage, although offered to him; but states he bought the land absolutely for two hundred dollars in cash. He states, however, as follows: "There was a verbal contract between us, that he would be allowed to redeem the land. Bob was to rent the land for five years, and pay me fifty dollars a year rent, and at the end of five years he was to pay me the purchase-money, two hundred dollars. *Then I was to transfer the land back to him; but, if he failed to pay me the two hundred dollars at the end of the five years, the land was mine.*" This statement of the grantee has an important bearing, not that it is competent to show by parol, that an absolute deed was intended as a conditional sale, but

as an admission that there was a parol cotemporaneous agreement, different from that expressed in the written instrument.

The terms of the verbal contract, as stated by Daniels himself, fairly construed, would make the transaction a conditional sale, rather than an unconditional sale with the right in the grantor to repurchase.—*Logwood v. Hussey*, 60 Ala. 417. In the case of *Douglass v. Moody*, 80 Ala. 66, it was held, "The requisite degree of proof varies as the controversy may be, whether an *unconditional* sale or a mortgage, and whether a *conditional* sale or a mortgage, was intended. In the former case, the evidence must be clear and convincing; in the latter, courts of equity are inclined to consider the transaction as a mortgage."

In determining whether a particular transaction was a mortgage or a conditional sale, there are some facts which may be regarded as of controlling importance. Did the relation of debtor and creditor exist before and at the time of the transaction? Or did the transaction begin in a negotiation for the loan of money? Was there great disparity between the value of the property, and the consideration passing for it? Is there a debt continuing for which the vendor is liable? If any one exist, in a doubtful case, it will go far to show a mortgage was intended.—*Turner v. Wilkinson*, 72 Ala. 366.

The evidence shows, and Lowery admitted, that he executed his promissory note to the defendant Daniels for fifty dollars, annually for several years, specifying as the consideration that it was the rent of the land; but he says Mr. Daniels told him to give these notes in that way, so that if his (Lowery's) creditors for supplies or advances should undertake to enforce their claims, Daniels would have precedence, and in this way the payments could be secured to the payment of the debt for the two hundred dollars, secured by the mortgage; and we are satisfied that the conclusion of the chancellor was correct in holding that Lowery paid considerably more in cotton to defendant each year than the fifty dollars, evidenced by the notes alleged to have been given for rent.

Many witnesses were examined to prove admissions by Lowery that he had sold the land to Daniels, and of Daniels, that he said "all he wanted was his money," and to others, "his money and the interest on it." The testimony can not be reconciled.

We have construed the transaction from the testimony of the parties themselves, who, it seems, were alone when the terms were agreed upon, and considered in connection with other facts, fairly deducible from the testimony of all the witnesses, have reached the same conclusion as the chancellor.

Much testimony was introduced to show that the lands con-
veyed by Robert Lowery were his homestead, and that his wife
did not acknowledge the conveyance before any person au-
thorized to take acknowledgments. If the question was prop-
erly before us, and conceding that she did make the acknowl-
edgment, we would be constrained to hold, that the certificate
of the officer before whom the acknowledgment was made,
was fatally defective, and that as an alienation of the home-
stead, whether intended as a mortgage or deed of conveyance,
it was a nullity. The word "persuasion" in the certificate of
acknowledgment is not a substantial substitute for the word
"threats," required by statute.—Code of 1886, § 2508, and au-
thorities. The form of the acknowledgment to the conveyance
has been held insufficient, ever since the date of the act approved
Feb. 9, 1877. The question has been directly adjudicated.
*Motes v. Carter*, 73 Ala. 553.

Both cases are affirmed.