[Edinburgh American Land Mortgage Co. v. Peoples.]

# Edinburgh American Land Mortgage Co. v. Peoples.

## Bill in Equity to Foreclose a Mortgage.

1. *Notary public and ex-officio justice of the peace, jurisdiction limited to county for which he is appointed.*—The jurisdiction of a notary public and *ex-officio* justice of the peace is limited to the county for which he is commissioned, and in the performance of his official functions, he is restricted to that territorial area. An act done by him beyond the boundary of his county, however formal it may appear, has no official validity, but is a sheer usurpation.

2. *Alienation of homestead; void when certificate of wife's acknowledgment invalid.*—When the acknowledgment by a wife of the execution of a mortgage conveying the homestead is made before and certified by a notary public and *ex-officio* justice of the peace, in a different county from the one for which he was commissioned, the certificate of such acknowledgment has no official validity and the mortgage is a nullity, although the certificate may be in the exact form prescribed by the statute, and declares on its face that it was made in the county for which the certifying officer was appointed.

3. *Agent of borrower; authority to receive the money loaned.*—When, in an application for a loan of money, the borrower agrees to pay a third person as his attorney, "a reasonable fee for taking the application, conducting the correspondence, making ample abstract of title to his lands, and securing and paying over the money" borrowed, he thereby constitutes such person his agent, with authority to receive the money from the lender, and the embezzlement of the money by such agent, after it comes into his hands from the lender, for the purpose of being paid over to the borrower, is the loss of the latter.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant against the appellees; and prayed to have a mortgage executed by the defendants to the complainant foreclosed. The mortgage sought to be foreclosed by the bill was one executed by John W. Peoples and his wife, Martha A. Peoples, and was given to secure the payment of money loaned by the complainant to the said John W. Peoples. The land contained in the mortgage was the homestead of the mortgagor, contained 160 acres, and was worth less than two thousand dollars.

16

The defendants answered the bill, alleging the fact that the mortgage was null and void as a conveyance of the homestead, in that, the officer, before whom the acknowledgment of the wife was made, was an officer of Henry county, while the acknowledgment was taken and made in Geneva county ; and the defendants prayed that their answer be taken as a cross-bill, and that the mortgage be declared null and void, and the notes cancelled. The proof in reference to these matters is sufficiently stated in the opinion.

On the final sumission of the cause, the chancellor denied the relief prayed for by the complainant, and dismissed its bill, but granted the relief prayed for by the cross-complainants, and declared the mortgage null and void, and ordered the notes cancelled. From this decree the present appeal is prosecuted, and the same is here assigned as error.

M. E. MILLIGAN, for appellant.—The mortgage in this case was not a nullity. The certificate on its face shows that the officer at the time of taking the acknowledgment was in Henry county. If such certificate had showed that said officer was in Geneva county, and there took the acknowledgment, his want of authority was apparent on the face of the certificate, which rendered it invalid. And this not being so, this case is brought within the influence of *Miller v. Marx*, 55 Ala. 322.—*Grider v. Amer. Freehold Land Mortgage Co.*, 99 Ala. 281, 12 So. Rep. 775 ; *Shelton v. Aultman*, 82 Ala. 315, 8 So. Rep. 232 ; 38 Ark. 377 ; 82 Pa. St. 280 ; 1 Amer. & Eng. Encyc. of Law, 160.

Manghen was the agent of the borrower.—82 Pa. St. 816.

. T. W. ESPY, *contra*.

STONE, C. J.—The present litigation originated in a bill filed by the appellant to foreclose a mortgage, having the signatures of John W. Peoples and Martha A. Peoples, his wife. Other persons were made parties defendant, on the allegation that they too claimed to be mortgagees, or asserted some interest in, or lien on the land, which the appellant sought to have sold in the foreclosure proceedings. And two cross-bills were filed,

each of which prayed relief antagonistic to that claimed by appellant. There was a decree' on all the issues presented, denying all relief to complainant in the original suit, but granting some relief under the cross-bills. From that decree the Land Mortgage Company alone appealed to this court, and alone assigns as error that "The court below erred in rendering the final decree in said cause." We will consider the questions presented only to the extent the decree affects the interests of the Edinburgh American Land Mortgage Company, Limited.

The real estate described, and claimed to have been conveyed in the mortgage, is situated in Geneva county, and contains one hundred and sixty acres—neither more nor less. It is clearly proved, and nowhere denied, that at the time the mortgage was executed—May 26, 1891—Peoples resided on the lands as his home, that he was a married man, and that the tract was worth less than two thousand dollars. The certificates of acknowledgment of the execution of the mortgage declare on their face that each of them was made in Henry county, and before a notary public and ex-officio justice of the peace of that county. This was and is the only certificate of acknowledgment of the execution of the mortgage, either by John W. Peoples, or Martha A. Peoples, his wife. The certificate of acknowledgment is in the exact form prescribed by the statute, for the execution of the conveyance of a homestead by husband and wife.—Code of 1886, § 2508, and form. The language employed is above criticism. The proof is full and uncontradicted that the acknowledgment was taken and certified at the home of Peoples in Geneva county, the justice of the peace of Henry county going into Geneva county for that purpose.

It is contended for appellant that the certificate being in statutory form, and by an officer having authority to take such acknowledgment—in other words, being free from imperfection on its face—testimony will not be received to contradict the recital that Mrs. Peoples, being examined separate and apart from her husband, appeared before the officer, was known, or made known to him, and "acknowledged that she signed the same of her own free will and accord, and without fear, constraints, or threats on the part of the husband." This is

certainly the general rule, and to a certain extent, is un-questionably sound.—*Miller v. Marx*, 55 Ala. 322; *Moses v. Dade*, 58 Ala. 211; *Rogers v. Adams*, 66 Ala. 600; *Moog v. Strang*, 69 Ala. 98; *Vancleave v. Wilson*, 73 Ala. 387; *Downing v. Blair*, 75 Ala. 216; *Dent v. Long*, 90 Ala. 172; *Shelton v. Aultman*, 82 Ala. 315.

It is equally well settled that when there is no certifi-cate of such acknowledgment by the wife, or there is a substantial defect in the acknowledgment, or rather, in the certificate thereof, such conveyance of the homestead is absolutely ineffectual.—*Scott v. Simons*, 70 Ala. 352; *Alford v. Lehman*, 76 Ala. 526; *Crim v. Nelms*, 78 Ala. 604; *Strauss v. Harrison*, 79 Ala. 324; *Striplin v. Cooper*, 80 Ala. 256; *Richardson v. Woodstock Iron Co.*, 90 Ala. 266; *Daniels v. Lowery*, 92 Ala. 519; *Woodstock Iron Co. v. Richardson*, 94 Ala. 629.

We have held that, no matter how formal the certifi-cate may be, nor how unquestioned the jurisdiction of the officer may be shown to be, if in fact the wife did not appear before the officer, the certificate is worthless; and the fact she did not so appear before the officer may be shown by extrinsic proof.—*Barnett v. Proskauer*, 62 Ala. 486; *Grider v. American Freehold Land Mortgage Co. of London*, 99 Ala. 281, and authorities cited.

The jurisdiction of an officer, elected and appointed, is local. It is confined to the territorial area for which he is commissioned. Within that territorial area, whether large or small, he can perform official functions. Out-side of it, he is a private person, having no official pow-er or jurisdiction. An act done by him beyond the boundaries of his local jurisdiction, no matter how formal he may make it appear, is a sheer usurpation, having no official validity. And this is true of official trust, from the highest to the lowest.—1 Amer. & Eng. Encyc. of Law, 146, n. 2; *Share v. Anderson*, 10 Amer. Dec. 421, 7 Serg. & R. 43; *Bradley v. West*, 60 Mo. 33; *Rackleff v. Norton*, 19 Me. 274; Code of 1886, §§ 840, 1112.

In ordering the appellant's mortgage to be surrendered up and cancelled the chancellor did not err. It was void as an attempt to convey the homestead, and fastened no lien on the property conveyed. But the decree went farther. It not only ordered the mortgage to be can-celled, but decreed that "the notes executed by him [Peoples] and made payable to the Loan Company of

Alabama be held and declared null and void, and that the same be delivered to the register of this court to be cancelled."

At the inception of the negotiation which led to the loan and mortgage, the subject of this suit, Peoples, the borrower, made a written application for the loan. In that application we find the following clause: "I agree to pay J. W. V. Manghen, of Dale county, Alabama, as my attorney, $10 as a reasonable fee for taking this application, conducting correspondence, and making ample abstract of title to my land, and securing and paying over the money," &c. This preceded the execution of the mortgage and the paying out of the money by the loan company. The loan was agreed on, and Manghen received the money, but embezzled it and fled the country. This power and authority authorized Manghen as the agent and attorney of Peoples to receive the money from the loan company, and Peoples must bear the loss of his fraud and embezzlement.

The chancellor erred in decreeing that the notes be surrendered up and cancelled, and to that extent his decree is modified and annulled. In all other respects presented by this appeal it is affirmed.

Corrected and affirmed.