# Marx v. Threet.

## Statutory Action of Ejectment.

1. *Statutory action of ejectment; variance in description in deed and mortgage justifies their exclusion as evidence of title.* Where, in an action of ejectment, the plaintiff claims title to the two several lots sued by deed executed at

[Marx v. Threet.]

sale under power contained in a mortgage, and in the complaint said lots are described as lots "59 and 59," and in the mortgage from the defendant and in the deed to the plaintiff said lots are designated as lots "58 and 59," in a designated city, there is a variance which justifies the court in excluding from the evidence the deed and mortgage offered by the plaintiff as muniments of title, so far as lot 58 is concerned.

2.  *Homestead; what necessary to constitute same.*—Where two lots in a city adjoin each other and are inclosed by the same fence, and upon one there is situated the house occupied by the owner and upon the other lot there is located a barn, cow shed, and stable, which are used by such owner in the comfort and sustenance of himself and family, and such lots do not exceed in value the limit fixed by law as a homestead, such lots together constitute the homestead of the owner, and in the conveyance thereof the rules and regulations for the alienation of the homestead as prescribed by law must be observed.

3.  *Same; when not destroyed by erection of storehouse.*—Where upon a lot on which is erected the dwelling of the owner, which is occupied and used by him as a homestead, there is erected a storehouse which is used for the selling of merchandise, but the said lot, together with the dwelling and the storehouse does not exceed the statutory value of a homestead, and the store is used only secondary to the occupation of the lot as a homestead, the erection of said storehouse does not prevent the owner from claiming said lot as a homestead exemption.

4.  *Conveyance of homestead; when wife's acknowledgment insufficient.*—A certificate of the acknowledgment of the wife and the conveyance of the homestead, that she signed the same of her own free will and accord without fear, constraint or "persuasion" of the husband, instead of without "threats" of her husband, as required by the statute regulating the alienation of the homestead, is insufficient to divest title to the homestead.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was an action of ejectment brought by the appellant against the appellee. Plaintiff claims title by deed under the power of sale in a mortgage, executed on the 4th of October, 1886, to Newhouse Brothers by

F. H. Threet. The defendant asserts and the evidence tends to show that the property sued for was a homestead when the mortgage was executed, and has so continued to the commencement of this suit; that the dwelling house of F. H. Threet, husband of appellee, occupied by himself and family, was located on lot No. 59, and that F. H. Threet used lot No. 58, adjoining lot No. 59, on which was located his barn, cow sheds, etc., as a cow and horse lot, and that this occupancy of both lots commenced several years prior to the time of the execution of the mortgage to Newhouse Brothers and continued to the commencement of this suit, is undisputed. It is admitted by defendant that F. H. Threet, her husband, at the time of the execution of the mortgage, had a little storehouse in one corner of the same lot on which the dwelling house was situated, in which he kept some goods. It was proven that the two lots were worth less than $2,000, contained less than two acres, and that they were situated out in the edge of town of Demopolis.

Lot No. 59 is described in the mortgage to Newhouse Brothers as the lot occupied by F. H. Threet and family as a home. It was proven that the legal title to the property was vested in F. H. Threet, husband of appellee, at the time the mortgage to Newhouse Brothers was executed, and that it continued in him up to the commencement of this suit. The copy of the mortgage, inserted in the bill of exceptions, shows that the word "threats" was not used in the officer's certificate of the wife's separate acknowledgement, and that the word "persuasion" was substituted therefor.

The plaintiff introduced in evidence the mortgage which was executed by F. H. Threet to Newhouse Brothers, and under which mortgage the plaintiff claims. After the introduction of the evidence the defendant moved to exclude from the jury the said mortgage, because the property therein conveyed was shown to be the homestead of the defendant at the time of the execution of said mortgage; but the wife's separate acknowledgment thereto was deficient in that the word "persuasion" was used in place of the word "threats." The

[Marx v. Threet.]

court sustained the motion to exclude from the jury said mortgage as evidence, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff offered to introduce in evidence the mortgage, limiting it as evidence to lot 58. The defendant objected to the introduction of said mortgage as to lot 58, because said lot was shown to be a part of the homestead. The court sustained defendant's objection, refused to allow said mortgage to be introduced in evidence as to lot 58, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff offered to introduce said mortgage in evidence, limiting its effect as to lot 58 and to so much of lot 59, upon which the storehouse was actually situated. The defendant objected to the introduction of said mortgage in evidence for this purpose, upon the ground that said property was a part of the homestead. The court sustained said objection, refused to allow said mortgage to be introduced in evidence for such purpose, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff offered to introduce said mortgage in evidence, limiting it effect to so much of lot 59 as was actually occupied and covered by the storehouse. The defendant objected to the introduction of the mortgage, even with such limitations, upon the ground that the portion of the lot actually occupied by the said storehouse was a part of the homestead. The court sustained the objection, and to this ruling the plaintiff duly excepted. Thereupon, on account of such adverse ruling by the court in excluding the plaintiff's evidence, the plaintiff took a non-suit with bill of exceptions.

From a judgment in favor of the defendant plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GESNER WILLIAMS and C. K. ABRAHAMS, for appellant, cited Code, § 2034 (2508); *Motes v. Carter*, 73 Ala. 553; *Strauss v. Harrison*, 79 Ala. 324; *Smith v. Pearce*, 85 Ala. 264; *Daniels v. Lowery*, 92 Ala. 519; *Gates v. Hester*, 81 Ala. 357; *Frederick v. Wilcox*, 119 Ala. 355.

EDWARD J. GILDER, *contra*, cited *Tyler v. Jewett*, 82 Ala. 93; *Garrett v. Jones*, 95 Ala. 96; *Watts v. Gor-*

*don*, 65 Ala. 549; *Turner v. Turner*, 107 Ala. 470; *Mc-Guire v. Van Pelt*, 55 Ala. 353; *Kennedy v. Bank*, 107 Ala. 170; *Motes v. Carter*, 73 Ala. 553; *Strauss v. Harrison*, 79 Ala. 324; *Daniels v. Lowery*, 92 Ala. 519; *Smith v. Pearce*, 85 Ala. 264; *Moses v. McCain*, 82 Ala. 370; Code, 1876, § 2822.

TYSON, J.—Plaintiff claims to have derived title to the lots in controversy by purchase at a sale of them under the power of sale contained in a mortgage executed by their owner. These lots are designated in the mortgage and deed to plaintiff as lots 58 and 59 in the city of Demopolis. In the complaint they are described as lots 59 and 59. This variance is sufficient justification of the action of the court in excluding the deed and mortgage as muniments of title so far as lot 58 is concerned.

However, independent of this variance, there is no doubt, under the evidence, that this lot constituted as much a part of the homestead of the mortgagor prior to, at the time of and subsequently to the execution of the mortgage as did lot 59 upon which the dwelling house was located. The two lots adjoin and are enclosed by the same fence. There was situate upon lot 58, the barn, cow-shed and stable, which were used by the mortgagor in connection with his dwelling, for the comfort and sustenance of himself and family. The mere fact that it is designated by a map or by conveyances as a separate lot from 59 is of no consequence. When the homestead is in a city, town or village the limitation in the constitution and statutes relates to the value and not the number and extent of the lots.—*Tyler v. Jewett*, 82 Ala. 93.

It is also without dispute that the value of the lots and improvements thereon does not exceed $800. It seems to be conceded that all of lot 59 was a part of the homestead of the mortgagor except that portion upon which is standing a storehouse in which the mortgagor did a mercantile business. This portion, it is insisted, is not a part of the homestead on account of the use made of the house. It appears that this storehouse was

[Grunewald Co. v. Copeland.]

erected upon this lot after the premises had become impressed with the character of a homestead. Its erection did not increase the value of the property beyond the value limited by the constitution and statutes. Nor does it necessarily impair the uses and enjoyment of the premises as a homestead. Manifestly the dominant use of the lots was that of a dwelling place. The use of the storehouse for the selling of merchandise under the facts of this case did not convert the premises into a place incidental or secondary only to its habitation as a home, any more than the cultivation of a portion of the premises as a garden would destroy their character as a home place.

The facts of this case clearly differentiate it from the cases of *Bell v. Anniston Hardware Co.*, 114 Ala. 341, *Turner v. Turner*, 107 Ala. 465, and *Garrett v. Jones*, 95 Ala. 96. In *Watts v. Gordon*, 65 Ala. 546, one of the buildings claimed as exempt by the defendant in connection with his dwelling was a house used as a butcher shop in connection with his trade as a butcher. The court sustained the claim. It is true this point was not discussed, but it was necessarily involved in the decision.

The use of the word "persuasion" instead of "threats" in the separate and apart acknowledgment of the wife is a fatal defect and renders the mortgage a nullity as a conveyance of the title to the lots.—*Motes v. Carter*, 73 Ala. 553; *Strauss v. Harrison*, 79 Ala. 324; *Smith v. Pearce*, 85 Ala. 264; *Daniels v. Lowery*, 92 Ala. 519.

Affirmed.