## BURROW, JONES & DYER SHOE CO. v. WALLACE.

(Circuit Court of Appeals, Fifth Circuit. November 16, 1920.)

No. 3575.

Bankruptcy &#9758;396 (5)—Homestead exempt, though used in part for business purposes.

> A two-story building owned and duly claimed several years before as a homestead by bankrupt, a married woman, who with her husband occupied the second floor and one room below as a residence, *held* exempt under the Law of Alabama, although the larger part of the lower story was adapted and leased for business purposes.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Alabama; George W. Jack, Judge.

In the matter of Mollie Wallace, bankrupt. Petition by the Burrow, Jones & Dyer Shoe Company to revise an order of the District Court. Affirmed.

Daniel B. Cobbs, of Mobile, Ala., for petitioner.
Frank S. Stone, of Bay Minette, Ala., for respondent.
Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The petitioner, a creditor of the bankrupt, complains of the action of the court in overruling exceptions to an order of the referee which allowed to the bankrupt as her homestead a house and the lot upon which it is located, which the bankrupt had duly claimed as her homestead several years before the institution of the bankruptcy proceeding. In behalf of the petitioner it is contended that the adaptation to and use of a portion of the building for business purposes had the effect of preventing the bankrupt from successfully claiming the property as an exempt homestead.

The building, which is in a village of about 200 inhabitants, is a two-story one, containing two rooms in the first or ground story, and four rooms in the second story. The front first-story room, which is about 25 feet wide by 50 feet long, is adapted to, and has been used for, business purposes only—at one time as a general merchandise store, at another time as a grocery store, and at another time as a drug store; the occupants being renters. From the time the building was constructed, the bankrupt, who is a married woman, has resided in the second story, except when she was for a few days at a time with her husband on a farm which he cultivated, and has used as a kitchen the rear first-story room, which is about 14 by 15 feet, and is connected

---

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

with the upper floor by a stairway. During part of that time renters have occupied one or more of the second-story rooms; during such time the bankrupt using the remainder of the second floor and the rear first-story room for residence purposes.

By the Alabama law the homestead of every resident of the state, with the improvements and appurtenances, not exceeding in value a stated sum, may be claimed and set aside as exempt from levy and sale under process for the collection of debts, and, after the homestead shall have been claimed in the manner prescribed, the act of the owner in leaving it temporarily or in leasing it does not operate as an abandonment. Code of Alabama 1907, §§ 4160, 4192. The mere fact that part of the premises on which the owner resides is adapted to and is used for business purposes does not stand in the way of the property being considered as his homestead, unless the use of a part as a place of habitation is incidental or secondary to the business use of the remainder. Marx v. Threet, 131 Ala. 340, 30 South. 831; Levy & Co. v. Alexander, 95 Ala. 101, 10 South. 394.

The evidence in the instant case was such as to warrant the conclusions that the bankrupt's use of part of the building for the purposes of residence was not at all incidental or secondary to the business use to which the larger of the two first-story rooms was devoted, that a principal use of the building was by the bankrupt for homestead purposes, and that the property was used by the bankrupt as much for homestead purposes as it was used by her tenants for business purposes. The referee and the court successively concluded that the property was so occupied and used by the bankrupt as to entitle her to claim it as her homestead. We are not of opinion that on the evidence adduced we are required to reach, or would be warranted in reaching, a conclusion at variance with the one reached by both the referee and the trial court.

The petition is denied.