# New England Mortgage Security Co. v. Payne.

## Statutory Action of Ejectment.

1. *Acknowledgment of mortgage of homestead before justice out of his county.*—The acknowledgment by a married woman of a mortgage of her homestead before a justice out of his own county renders the mortgage void.

2. *Parol proof to contradict recitals in certificate of acknowledgment.*—The fact that a married woman acknowledged a mortgage of her homestead before a justice out of his own county may be shown by parol, though it appears on the face of the instrument that such acknowledgment was taken before him in his own county.

3. *Estoppel en pais.*—The fact that a husband told a mortgagee of his homestead that the acknowledgment of his wife was taken before a justice of the peace in his own county will not estop him from showing by parol that the acknowledgment was taken before the justice out of his county.

4. *Mortgage embracing homestead and other lands may be void as to former and valid as to latter.*—Where land covered by a mortgage includes a homestead, the fact that the mortgage, as to the homestead, is void because the acknowledgment of the wife was taken before a justice of the peace out of his own county does not render it void as to the rest of the land.

5. *Motion to exclude evidence admitted without objection.*—Where, in an action to foreclose a mortgage, the defendant allows the mortgage, without objection, to be put in evidence, and by his testimony proves the execution thereof, he can not thereafter urge its exclusion on the ground that it has not been proved as required by law.

[New England Mortgage Security Co. v. Payne.]

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

This was a statutory action of ejectment, brought by the appellant, the New England Mortgage Security Company, against the appellee, William E. Payne, to recover 400 acres of land, which was specifically described in the complaint. The transcript contains three replications filed by the plaintiff to a special plea of defendant; but this plea is not set out in the transcript. These replications were demurred to, and the demurrers thereto were sustained; whereupon issue was joined on the plea of the general issue. The plaintiff claimed title through a mortgage, which had been executed by the defendant and his wife to the plaintiff, and which had been duly foreclosed for the failure to pay the mortgage debt; the plaintiff becoming the purchaser at the foreclosure sale. This mortgage was executed by the defendant and his wife at their home in Marshall, and the acknowledgments of their signatures were taken by one D. A. Holland, a justice of the peace in and for Blount county; but both the acknowledgment of W. E. Payne, and the separate acknowledgment of his wife, purported to have been taken in Blount county. The plaintiff introduced in evidence the mortgage, and also testimony showing that the same had been duly foreclosed by a sale under authority conferred thereby, and that plaintiff had become the purchaser. The evidence for the defendant went to establish the contention of the mortgage being improperly acknowledged, and that 160 acres of the land included in said mortgage constituted the defendant's homestead. The rulings of the trial court on the evidence are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court refused to give the general affirmative charge in favor of the plaintiff, but gave such a charge at the request of defendant in his favor; and to each of these rulings the plaintiff separately excepted. There was judgment for defendant. The plaintiff appeals, and assigns as error the rulings of the trial court on the pleadings and on the evidence and the refusal to give the charge asked by it, and giving the charge requested by the defendant.

CALDWELL BRADSHAW and JAS. E. WEBB, for the appellant.—Whether the acknowledgment had or had not

been taken in Blount county, was known to Payne, and not known to the Mortgage Company or its agent. If Payne is now allowed to dispute the certificate of acknowledgment, it will enable him to commit the grossest kind of fraud upon an innocent lender, who relied upon his representations in lending his money, upon the faith of a fact asserted by the borrower, that the mortgage had been validly executed and acknowledged by Payne and his wife, and to avail himself of the benefits of such fraud; and this, the law will not permit a man to do. See Herman on Estoppel, Volume Second, Sec. 786, 788 789 and Sec. 787, that such estoppels are as binding and effectual in Courts of Law as in Equity, and Sec. 736 and 931 and Sec. 987.

Suppose instead of having made a statement to the lender as to when and and where the justice of the peace took the acknowledgment, Payne had represented to the lender as a fact, that he lived on an entirely different farm; that he did not occupy this land as his homestead, and should now attempt to assert the contrary to invalidate the mortgage on a part of this land for want of the separate acknowledgment by his wife, which is, under the statute, necessary to convey a homestead? He would be estopped from asserting and proving the fact that it was his homestead, when he had asserted the contrary, and upon the faith of the truth of that assertion, had obtained the Thousand Dollars from the Loan Company. See 1 Jones on Mortgages, Sec. 631, and authorities there cited, 2 Herman on Estoppel, Sec. 661, page 794, *Jones v. Reese*, 65 Ala. 134, opinion 139, Sub. Div. 3.

The following authorities hold that the mortgagor is estopped from denying that his mortgage, upon the faith of which he obtained the loan, conveyed a title to the mortgagee.— 1 Jones on Mortgages, Sec. 682. That the whole doctrine of estoppel *in pais*, is applicable not only in equitable proceedings, but also in actions of ejectment has been tersely stated in the case of *Caldwell v. Smith*, 77 Ala., 158, and in *Goodman v. Winter*, 64 Ala. 410, our court decided the precise question that in an action of ejectment an estoppel *in pais*, the equitable estoppel, was as available as in a court of equity.

The same proposition is recognized and admitted in the case of *Sullivan v. Conway*, 81 Ala. 154. In the case of *Crim v. Nelms*, 78 Ala. 604, opinion page 608, it was

held that the conveyance of a homestead by husband and wife without the voluntary examination of the wife separate and apart from her husband, did not create estoppel, to the husband when sued in ejectment, and the cases there cited, 55 Ala. 322, 65 Ala. 431, 76 Ala. 523, as sustaining the proposition. That proposition is entirely correct. Neither in the case of *Crim v. Nelms* or any other cases cited therein, page 608, was there anything more than simple execution of the deed. There was no misrepresentation such as in the case at bar.

The cases above cited and the principles above contended for, are perfectly consistent with and can be reconciled with everything that was decided in the case of *Grider v. The American Freehold Land Mortgage Company of London, Limited*, 12 So. Rep. 779, and in the *Edinburgh Land Mortgage Company v. Peoples*, 14 So. Rep. 656. In neither of these cases do we find that the holder of the mortgage, who claimed title under it, and sought to enforce it, either in his pleadings or proof attempted to establish any misrepresentations made by the mortgagors inconsistent with the facts.

The ruling of the court in excluding the question propounded to the witness Winston as to representations made by the defendant Payne which are pointed out in the 4th assignment of error is an error here insisted upon. Notwithstanding the court's ruling sustaining the demurrers to the first and third replications, the evidence of representations and statements made by Payne for the purpose of obtaining the loan, were admissible unde · the general issue to prove an estoppel upon Payne, and to prevent him from questioning the validity of his mortgage.

The court erred in excluding from the jury appellant's mortgage. This mortgage had been introduced in evidence and read to the jury *without objection* on the part of the defendant. The motion to exclude and the objection thereto came too late. The court erred in giving the general charge in favor of the defendant. There were 400 acres in the tract of land. Payne himself testified, without objection from anybody, that he and his wife signed the paper in the presence of D. A. Holland. D. A. Holland's name appears on the mortgage, not only to the acknowledgment but as an attesting witness. There was no objection raised to this testimony of Payne,

and it fully, clearly and conclusively proved the validity of the execution of the mortgage as a conveyance of all the land not a part of the Payne Homestead.   And therefore the appellant was entitled upon that proof, to a judgment at least for the recovery of 240 acres of the land sued for, even if it be conceded that as to the 160 acres it was invalid as a conveyance of title for want of a separate acknowledgment from the wife.   Payne was introduced as a witness and testified to the fact that he and his wife called in Holland and executed the mortgage in the presence of Holland, and Holland's name appears as a subscribing witness, in Marshall county. He did this for the purpose of proving the invalidity of Holland's certificate of separate acknowledgment, but in doing so he proved the validity of the execution of the mortgage as a mortgage on any lands which were not a part of his homestead.

O. D. STREET, for the appellee.—The demurrers to replications No. 1 and 3 were properly sustained because they sought to raise an estoppel *in pais* against the assertion of a legal title to land in a court of law.—*Gimon v. Davis*, 36 Ala. 589 ; *McPherson v. Walters*, 16 Ala. 714.

Such admissions as those alleged would not even be evidence of the execution of the mortgage until the attesting witnesses had first been called.—*Coleman v. State*, 79 Ala. 49.    Appellant asked witness John G. Winston, Jr., what representations or statements as to the execution of the mortgage were made by defendant at the time he obtained the money.   An objection by defendant to this question was sustained.   It was not competent for the purpose of raising an estoppel *in pais*, nor as evidence of the execution of the mortgage.— *Gimon v. Davis*, 36 Ala. 589 ; *McPherson v. Walters*, 16 Ala. 714 ; *Coleman v. State*, 79 Ala. 49.

The objection and exception of appellant, that the certificate of the justice imports absolute verity is fully met by a recent decision of the court which seems to be based upon unanswerable reasoning.—*Edinburgh American Land Mortgage Co. v. Peoples, et al.*, 14 So. Rep. 656.

Nor did the court err in excluding the mortgage from the jury.   The justice of the peace under the facts of the case was only an attesting witness.   Neither he nor the persons who signed as attesting witnesses of

the mortgage was called, or their absence accounted for and the mortgage not being self proving, because of the invalidity of the acknowledgment, the court properly excluded it.—*Edinburgh &c. Co. v. Peoples, et al.*, 14 So. Rep. 565; *Coleman v. State*, 79 Ala. 49; *Ellerson v. State*, 69 Ala. 1; *Jinks v. Terrell*, 73 Ala. 238.

HARALSON, J.—1. The case was tried on the plea of the general issue. There seems to have been a special plea interposed, to which plaintiff filed three replications, but what that plea was, we are not definitely informed. The first replication purports to be one to a plea "denying that the plaintiff, at the commencement of this action was seized of the legal title to the land described in the complaint." They each proceed upon the idea, that defendant had pleaded in one or more pleas, that the lands mortgaged lay in Marshall county, and that, while the mortgage purports to have been acknowledged before a justice of the peace in Blount county, yet, in fact it was acknowledged in Marshall, before a justice of the peace of Blount county, who went into the former county, to take its acknowledgment, and that, therefore it was void; for, the force of the plea, if true, is sought to be avoided by the averments in the replications, that the defendant represented to plaintiff, at the time the loan was made, that the mortgage was executed in Blount, and he was estopped to deny that fact. The replications also convey the suggestion, that the special plea or pleas contained the defense, that the lands mortgaged were the homestead of the defendant, and the mortgage was void, since the wife of the defendant acknowledged the same separate and apart from her husband, in Marshall county, before a justice of the peace appointed for and residing in Blount county, who came to the former county to take such acknowledgment. It is impossible to pass intelligently on the demurrers to the replications to the special pleas, without having the pleas before us, and we decline to undertake it, further than to repeat what we have heretofore decided, that if a justice of the peace for one county goes out of his own into another county and takes the acknowledgment of a married woman to a deed purporting to convey her homestead, the conveyance would be void as to the homestead. It is competent to show this fact by parol, though it may appear to the contrary on the face of the

acknowledgment; and the representations of the defendant that it was acknowledged in the county of the residence of the justice of the peace would not estop him from proving by parol that the acknowledgment was taken in another county.—*Edinburgh Am. Land Mort. Co. v. Peoples*, 102 Ala· 241.

2. The mortgage was on 400 acres of land. It purports to have been executed in the presence of two witnesses, besides having been acknowledged before a Blount county justice of the peace. The defendant did not pretend to set up any defense to more than 160 acres of the land, and to that, on the ground that the mortgage had not been acknowledged by his wife in the manner required by statute to pass the homestead. As against a recovery for the balance,—admitting his homestead claim,—he has said nothing, except to claim that if the mortgage was void as to the homestead, it would be as to the other 240 acres. But such is not the law. It would not sanction a claim so unjust. *Strauss v. Harrison*, 79 Ala. 324, 327.

3. The defendant, Payne, testified for himself that the papers,—mortgage and notes,—were executed by himself and wife at his house in Marshall county, and it was there, that their acknowledgments to them were taken before the justice of the peace from Blount county. The plaintiff moved to exclude the statement of the witness, "as to the residence of the justice of the peace, and as to where the acknowledgments were taken, on the ground and for the reason, that the same contradicts and varies written testimony on file in the cause; because the statements of the witness show that Payne and his wife appeared before the justice of the peace for the purpose of acknowledging their signature to said mortgage," and did acknowledge it, and the certificate of the justice importing verity could not be contradicted or varied by parol evidence, and because defendant is estopped to deny the validity of the mortgage and the certificate of the justice taking the acknowledgment. The court overruled the motion to exclude. As for the objections raised, there was no error in overruling the motion. It was competent to show by parol, that the justice who took the acknowledgment in Marshall county lived in Blount.—*Edinburgh Am. Land Mort. Co. v. Peoples*, supra.

4.   After this, the defendant moved the court to exclude the mortgage which had already been read in evidence, without objection on the part of defendant, on the ground that the same had not been proved as required by law, and was illegal evidence, which motion was sustained against the objection and exception of the plaintiff.   In this ruling the court erred.   There were 240 acres of the land, as to which, as we have seen, the defendant offered no defense; and he had sworn voluntarily, that he and his wife had executed the mortgage.   In the beginning the plaintiff had been allowed without objection, to introduce the mortgage, without proving its execution.   If objection had been raised, the plaintiff would have been required to prove its execution by one of the two subscribing witnesses, if living, competent and within the reach of the court.—*Russell v. Walker*, 73 Ala. 317; *Askew v. Steiner*, 76 Ala. 221; *Coleman v. The State*, 79 Ala. 50.   But, the defendant waived this right, and testifying for himself, proved the execution of the mortgage.

For the errors suggested the judgment of the court below is reversed.

Reversed and remanded.