# Marks, Rothenberg & Co. *v.* Wilson.

*Statutory Action of Ejectment.*

115  561
118  560
118  562
115  561
122  393
115  561
129  648
115  561
137  202

1. *Homestead exemption; right of selection; estoppel.*—Under the constitution and statutes of this State, a resident has the right, at any time, to select from his lands 160 acres to be exempt as a homestead, and the purchaser of lands from such a resident buys at his own risk as to the exercise of this right; and the execution of a mortgage in which is included more lands than 160 acres, and which is void as to such part as may be selected by the mortgagor as his homestead, because it was not executed by his wife as required by the statute (Code of 1886, § 2508), does not estop the mortgagor from afterwards selecting a portion of the lands included in the mortgage as a homestead.

2. *Same; same; effect of foreclosure sale.*—A mortgage, void as to a homestead, because not executed by the wife of the mortgagor as required by statute (Code of 1886, § 2508), is inoperative to pass any title to the mortgagee; and a purchaser at the foreclosure sale under such mortgage does not obtain such title as will support an action of ejectment against the mortgagor, even though such homestead had not been selected at the date of the execution of the mortgage nor at the time of the sale.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. JOHN C. ANDERSON.

This was a statutory action of ejectment, brought by the appellants, Marks, Rethenberg & Co., against the

appellee, W. J. Wilson, to recover certain lands specifically described in the complaint.

The defendant pleaded the general issue, and by a second plea that the land sued for "now and was at the time of the execution of the mortgage, under which plaintiff claims title, the homestead of the defendant, and that said land was occupied by defendant as a homestead at that time, and that there is not upon nor attached to said mortgage a certificate showing the wife's voluntary signature and assent to said mortgage in the form prescribed by law for the alienation of the homestead by a married man, and that the defendant is now and was at the time of the execution of said mortgage, a married man."

The plaintiffs joined issue upon the first plea, and to the second plea filed two replications, in which he averred that the mortgage, under which the plaintiffs claim title to the lands sued for, included the whole of the defendant's tract of land, amounting to 280 acres; "that the said mortgage on the said whole tract was validly executed as to the defendant's signature, and has been legally foreclosed; and also that the plaintiffs purchased the whole tract at said foreclosure sale; and also further that no homestead had been selected and set apart by the defendant out of said whole tract at the time said mortgage was executed or sale made; and further that said mortgage was unpaid." To these replications the defendant demurred upon the following grounds: "1. Because said replications raise, or attempt to raise, an immaterial issue in this case, in this that the plea to which said replications are made shows defendant selects lands sued for as his homestead, and this is a sufficient selection to enable him to make the defense set up in this case. 2. Because said replications attempt to raise an immaterial issue, in that they allege that it was necessary for defendant to have made the selection of the lands sued for as a homestead at the execution of the mortgage, or at the time of the sale under it, and defendant says that the selection as shown by said plea is sufficient." These demurrers were sustained, and upon the trial of the cause there were jury and verdict for the defendant. The plaintiffs appeal, and the rulings upon the demurrer to their replications constitute the only assignments of error.

[Marks, Rothenberg & Co. v. Wilson.]

EDWARD W. BROCK, for appellants, cited *DeGraffenried v. Clark*, 75 Ala. 425.

HOLLOWAY & HOLLOWAY, *contra.*—1. The right of selection of the homestead is secured by the constitution and statutes, and all purchasers are put on notice as to what part of the land the vendor may choose to select. *Jaffrey & Co. v. McGough*, 88 Ala. 648; Const. of 1875, Art. X, §. 2; Code of 1886, §§ 2507, 2515, 2534, 2551.

2. The defendant had the right to make selection of his homestead by special plea.—*DeGraffenried v. Clark*, 75 Ala. 425; *Clark v. Spencer*, 75 Ala. 57. The sale of the homestead under the mortgage did not destroy defendant's right of selection.—*New Eng. Mortg. Sec. Co. v. Payne*, 107 Ala. 578. A mortgage containing power of sale has no more force than an absolute deed, and such a deed to a homestead, not acknowledged by the wife in accordance with section 2508 of the Code of 1886, is void.—*Cox v. Holcomb*, 87 Ala. 590.

HARALSON, J.—The constitution and statutes of this State secure not only the homestead exemption of 160 acres to any resident of the State, but the right of its selection to the owner thereof.—Const. Art. X, § 2; Code of 1886, §§ 2508, 2515. A purchaser from the husband is required to take notice as to what part of the land the debtor may choose to select. He buys at his own risk, as to that matter.—*Jaffrey & Co. v. McGough*, 88 Ala. 650. Both by the constitution and by statute, it is provided that no mortgage or other alienation by a married man of the homestead shall be valid without the voluntary signature and assent of the wife; and the statute provides that this assent of the wife must be shown by her examination, separate and apart from the husband, before an officer authorized to take acknowledgments of deeds, and the certificate of such officer upon or attached to such mortgage; and the form of the certificate is prescribed.—Code of 1886, § 2508. We have often held, that any conveyance of the homestead by the husband alone, or defectively executed by the wife, is a nullity. See *McGhee v. Wilson*, 111 Ala. 615, and the authorities there collated.

The mortgage in question as appears from the pleading included 120 acres of land besides the 160 claimed

by the defendant as a homestead. It was good, as for anything appearing, for all the land not embraced in that part selected as a homestead; and the fact that defendant gave it on the homestead also, did not estop him afterwards from selecting and claiming 160 acres of it as his homestead. The mortgage, if the facts set up in defendant's second plea are true, is void, just as if it had never been made, as to that part of the land which is claimed as a homestead.—*New Eng. Mortg. Sec. Co. v. Payne*, 107 Ala. 578; *Crim v. Nelms*, 78 Ala. 608; *Alford v. Lehman*, 76 Ala. 526.

The only other question to be considered is, whether the facts set up in plaintiff's replications 2 and 3 constitute good replies to the defensive matter set up in said second plea. If defendant's mortgage under which plaintiffs claim title, was a nullity as to the homestead, because not executed by the wife of defendant in the manner required by statute, the right of homestead remained, and the fact, that at the date of the mortgage, or at the alleged foreclosure sale, the homestead had not been selected and designated by the defendant, makes no difference. Plaintiffs were put on notice as to what part of the land the defendant might select.—*Jaffrey & Co. v. McGough*, 88 Ala. 650, *supra.* The fact that the mortgage was void as to the homestead, is a sufficient answer to the asserted benefit of plaintiffs arising from the foreclosure sale. The sale did not strengthen the plaintiffs' title. There was nothing to foreclose, so far as the homestead was concerned. The mortgage conferred on them no rights whatever, either present or prospective, to the homestead, and was totally insufficient as a muniment of title to support an action of ejectment therefor, or on which to base any right to accrue from foreclosure.—*Parks v. Barnett*, 104 Ala. 441; *Crim v. Nelms, supra; New Eng. Mort. Sec. Co. v. Payne, supra.*

The demurrer to said replications were properly sustained.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.