# Harris *v.* A. J. Spencer Lumber Co.

## *Damages for Death of Minor.*

(Decided February 12, 1914. 64 South. 557.)

1. *Death; Minor Child; Capacity of Plaintiff.*—Where a father in his individual capacity and not as administrator, sues for the death of his minor son, his action is based on section 2485, Code 1907, and not upon the Employer's Liability Statute; hence, the father's right to recover is limited by the rights of the minor son to recover for the injuries, had he survived.

2. *Parent and Child; Injury to Minor; Employee; Assumed Risk.*—Where a minor is employed with the consent of the parent, and is of sufficient judgment and discretion to comprehend and guard against the dangers incident to the employment, when fully explained to him, both he and his father assume all the risk incident to the service, and neither can recover against the employer for an injury resulting to the son from the negligence of a fellow servant in and about the common employment or service.

3. *Same; Fellow Servant.*—Where a minor son of plaintiff was employed, with the consent of plaintiff, to assist in loading and unloading one of the log trains belonging to defendant, and in the performance of such service was required to ride back and forth on the train, and while doing so was killed by jumping from the train to escape steam from the boiler due to the blowing out of the mud valve, caused by the negligence of the engineer, such minor servant and the engineer were fellow servants.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Ben Harris, Sr., against the A. J. Spencer Lumber Company, Incorporated, for damages for the death of his minor son. Demurrers sustained to the complaint, and plaintiff declining to plead further, his cause was dismissed and he appeals. Affirmed.

The complaint is as follows: "Plaintiff claims of defendant the sum of $4,000, for the unlawful act of causing the death of Ben Harris, Jr.. in that, on, to wit, at

the time of said unlawful act causing the death of said Ben Harris, Jr., and since, during the year 1911, defendant was engaged in the business of logging, and as a means of the transportation of said logs from the forest where they were cut to the Bigbee river, in which they were thrown for further transportation by water, ran what is known as a logging train, consisting of cars on which said logs were hauled, to which was attached a steam locomotive to pull said cars from said forest to the said river, and Ben Harris, Jr., a son of plaintiff, and who was a minor, was employed by defendant as one of its servants to aid in placing the logs on said cars, and, when transported to the river bank, to aid in throwing said logs into the river, and in performing said service, he had to ride back and forth on said log train. On the 13th day of June, 1911, after said train had been loaded with logs, and started back to the river to unload the same, while sitting in or near the cab adjoining the engine, the place where he, of right, had to be in performing his said duties as said servant of defendant, and under his employment by him for said services, and whilst said train was on its transit to its destination on said river, the cars which were drawn by the locomotive attached thereto, the engineer who was employed by defendant to run the same, by an unreasonable act in controlling said engine, caused the mud valve to be blown out of the boiler of the engine, through which a large volume of steam came therefrom, burning or scalding severely the face of said Ben Harris, Jr., and that in making an effort to get out of reach of said steam, and being blinded thereby, he jumped off of said locomotive and was killed." The second count alleges the same state of facts except it is alleged that the act of the engineer was unreasonable and wanton. The demurrers raise the question that the complaint fails

to show any duty which defendant owed. the plaintiff, or Ben Harris, Jr., or its breach by defendant, its servants or agents; it is not shown what the unreasonable act of the engineer was; and because it fails to show the breach of any duty owing the plaintiff or his son.

W. F. GLOVER, for appellant. The suit was under section 2485, Code 1907, and the damages were compensatory.—91 Ala. 634. The court erred in sustaining demurrers to the complaint.—48 Ala. 459; 37 South. 636; 60 Ala. 639; 40 South. 385; 20 South 639. The court erred in rendering final judgment under the demurrers. —20 Ala. 17.

STEVENS, McCORVEY & DEAN, for appellee. The complaint is an attempt to draw section 2485, Code 1907, into the case as a basis for recovery, and does not state a case under such subdivision.—*So. Ry. v. Cunningham,* 112 Ala. 496. Recover, of course, is limited to recovery by the party injured if death had not ensued.—*Lovell v. DeBardelaben C. & I. Co.,* 90 Ala. 13; *Harris v. Mc-Namara,* 97 Ala. 183; *L. & N. v. Wilson,* 162 Ala. 596. The engineer and decedent under the facts in this case were fellow servants.—*M. & M. Co. v. Smith,* 59 Ala. 245; *M. & O. v. Thomas,* 42 Ala. 672; *Woodward I. Co. v. Cook,* 124 Ala. 354. No advantage can be taken of the provision of the Employers' Liability Act.—*T. C. I. & R. R. Co. v. Herndon,* 100 Ala. 451. The cases of *Lovell v. DeBardelaben C. & I. Co., supra,* and *Harris v. McNamara, supra,* are on all-fours with the case at bar, and under them the defenses of contributory negligence, assumption of risk and fellow servants are available to defendant.—*So. Ry. v. Shipp,* 169 Ala. 333.

SAYRE, J.—Appellant sued to recover damages for the wrongful death of his minor son, alleged to have

been caused while deceased was in the employment of defendant. Appellant did not sue as administrator, and necessarily his action, brought in his capacity as parent of the deceased, was under section 2485 of the Code, for an administrator alone can sue under the Employer's Liability Law, sections 3910-3912 of the Code, whereas a parent, as such, is limited, in the case of his child's death, to an action under section 2485. Proceeding by virtue of section 2485, plaintiff could have no help from the Employer's Law, and could recover only in case the son might have maintained an action at the common law had his injuries not resulted fatally. But while plaintiff, suing as parent, could proceed only by authority of section 2485, in framing his complaint he stated a case in which he was affected by what would have been the son's disability at the common law. He averred in effect that his son, while acting within the line and scope of his employment, which required him to be upon a logging train operated by defendant, was brought to his death by the negligence or wanton wrong of the engineer employed by defendant to operate the train, the engineer also being engaged at the time in the performance of his duty under his employment. It was averred, further, that plaintiff's deceased son was a minor, but the complaint is otherwise silent as to his age, nor is it alleged that his employment was without plaintiff's consent. On these averments and these silences of the complaint it must be assumed, in the consideration of defendant's demurrer, that deceased was lawfully employed by defendant with plaintiff's consent, and that he was over the age of 14 years, and prima facie of sufficient judgment and discretion to comprehend and guard against the dangers incident to his employment, when fully explained to him, for, had the facts been otherwise, they would have been so laid

in the complaint. "The authorities are uniform at common law to the proposition that by such a contract both the son and the father assumes all the risks incident to the service, and that neither can recover against the employer for any injury resulting to the employee from the negligence of a co-employee in and about the common service."—*Lovell v. De Bardelaben Coal & Iron Co.,* 90 Ala. 13, 7 South. 756. As appears in the complaint, it had been the duty of deceased under his employment to aid in placing logs upon the train in the forest where they were cut, and, when they had been transported to the river, to aid in throwing them into the river, and in performing these services it was necessary for him to ride back and forth on the train. There is no reason to doubt that deceased was brought by his employment into such close relation with the operation of the railroad or logging road that danger therefrom constituted an ordinary danger of the service in which he was engaged, and that he was in consequence a fellow servant with the engineer.—*Boggs v. Ala. Consol. C. & I. Co.,* 167 Ala. 251, 52 South. 878, 140 Am. St. Rep. 28; *M. & O. R. R. Co. v. Thomas,* 42 Ala. 672; *M. & M. R. R. Co. v. Smith,* 59 Ala. 245. The foregoing principles have been maintained and demonstrated in our cases, and it results that the demurrer to the complaint was properly sustained.—*Lovell v. De Bardelaben Co., supra; Harris v. McNamara,* 97 Ala. 181, 12 South. 103; *Woodward Iron Co. v. Cook,* 124 Ala. 349, 27 South. 455; *Hull v. Wimberly & Thomas Hdw. Co.,* 178 Ala. 538, 59 South. 568.

The judgment entry recites that, after the demurrer was sustained to the complaint, plaintiff declined to amend his complaint. Thereafter nothing was left to the court but to administer the coup de grace to plaintiff's case. The court might have rendered a judgment for

[Gorman-Gammil Drug Co. v. Watkins.]

the defendant as upon the merits, and this would have been the proper course, but plaintiff (appellant) is in no position to complain that his case was merely dismissed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.