# Butler *v.* Hill.

## *Ejectment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 260.)

1. *Acknowledgment; Certificate of; Ministerial or Judicial.*—The taking of acknowledgment to conveyances by an officer authorized to do so, is not a ministerial, but is a judicial act, and when such an officer acquires jurisdiction in a particular case, and certifies the facts and act taking place in the form and as the law prescribes, such certification can only be impeached or contradicted for fraud or duress; hence, parol evidence is only admissible to show want of jurisdiction or fraud or duress, affecting the process of giving and taking the acknowledgment.

2. *Same; Conclusiveness.*—Where the alleged grantor was present before a justice of the peace on the occasion when a certificate of acknowledgment recited her voluntary execution of a deed, and the

[Butler v. Hill.]

deed was written by the justice at the time, if she went there for the purpose of perfecting the execution and acknowledgment of a conveyance to the grantee, and came thereafter to entertain that purpose while in the presence of such justice of the peace, and thereupon submitted to the exercise of the power of the justice of the peace to take her acknowledgment, his jurisdiction was complete and conclusive of the fact certified by him, which certification .comprehended her execution of the instrument, and rendered it valid, unless vitiating fraud induced the execution of the instrument.

3. *Same; Invalid Certificate; Effect on Instrument.*—Although an acknowledgment, when efficacious, is a part of a conveyance, yet, where the conveyance, apart from the acknowledgment is not affected with any element of invalidity, and can stand as valid and efficacious to pass the title and right it proposes to transmit, without an acknowledgment, such conveyance can and will stand, notwithstanding the absence of jurisdiction on the part of the officer taking the acknowledgment, of fraud or duress avoiding the act and certification of such officer.

4. *Ejectment; Instructions; Acknowledgment; Presumption.*—In ejectment against a person claiming under an alleged deed from plaintiff, where there was evidence tending to show that plaintiff consented to the execution of the deed to the defendant rather than a will in his favor because of fraudulent misrepresentations, and, under the evidence, the perfection and effectuation of this change was, if affected with fraud, a necessary result of a wrong caused by the concurrence of misconduct of the defendant and the justice of the peace who took plaintiff's acknowledgment, it being asserted by plaintiff that she neither signed nor authorized the signing of the deed, charges that the certificate of the justice, in the absence of proof of fraud, was sufficient proof of the voluntary execution of the deed, and raised a presumption of its validity, it could only be impeached by proof of a fraudulent combination between defendant and the justice, and that it raised a presumption of validity which could only be rebutted by clear proof of fraud, duress or imposition practiced on plaintiff, in which the justice and defendant participated, were correct, and their refusal was error.

5. *Same.*—In such an action, charges that a plaintiff went to the office of the justice of the peace for the purpose of executing some paper which would protect the defendant in the possession of the property better than a will previously executed, or if she went before the justice of the peace for the purpose of executing a paper which would vest title in the defendant, then to find for defendant, pretermitted a phase of the evidence tending to indicate that, though the acknowledgment was perfect, the instrument was avoided by fraud previous to the acknowledgment, and were, hence, properly refused.

6. *Ejectment; Validity; Evidence; Value of Land; Fraud.*—In this action, the value of the land in question was relevant and admissible on the issue of fraudulent conduct on the part of defendant in inducing plaintiff to execute the deed.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

37—190

Ejectment by Lucy Hill against Adolph Butler. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, *Butler v. Hill,* (mem.) 65 South. 1032.

The facts sufficiently appear from the opinion. The following charges were refused defendant:

(2) The certificate of the justice of the peace, Tarver, in the absence of proof of fraud, is sufficient proof of the voluntary execution of said deed by plaintiff, and raises a presumption of its validity, which can only be impeached by proof of fraudulent combination between Butler and B. C. Tarver.

(5) I charge you that the certificate of Tarver, justice of the peace, that plaintiff acknowledged before him that she executed a deed in question in this case voluntarily, raises a presumption in favor of the validity of said deed, which can only be rebutted by clear proof of fraud, duress, or imposition, practiced on plaintiff, in which B. C. Tarver and Adolph Butler participated.

(3) I charge you that if you believe from the evidence. that plaintiff went to the office of the justice of the peace Tarver for the purpose of executing some paper, which would protect Adolph Butler in the possession of said property better than the will which he had previously executed, you must find for defendant.

(4) I charge you that if you believe from the evidence that plaintiff went before justice of the peace Tarver for the purpose of executing a paper, which would vest title to the property involved in this suit in defendant, you must find for defendant.

The following charges were given for plaintiff:

(A) If the jury believe from the evidence that Lucy Hill did not make her mark to the deed from her to Butler, dated August 9, 1906, and did not acknowledge

before Tarver that she knew the contents of said deed and executed the same voluntarily on that date, they must find a verdict for plaintiff.

(B) If the jury believe from the evidence that the execution of the deed from Lucy Hill to Adolph Butler, dated August 9, 1906, was procured by the fraud of said Butler, they must find a verdict for plaintiff for the land sued for.

(C) If the jury believe from the evidence that Adolph Butler requested Lucy Hill to go with him on August 9, 1906, to Tarver's office to have her will completed or corrected, and she went with him to said office at that time, and that she did not know that the paper she is said to have signed that day was a deed and not a will, they must find for plaintiff.

(D) If the jury believe that Lucy Hill could not read or write on August 9, 1906, and that Butler requested her to go to Tarver's office to have her will completed or changed or corrected, and she went there pursuant to that request, and she did not know and was not informed that the paper she is said to have signed and acknowledged was a deed and not her will, then even though she made her mark, and acknowedged that she knew the contents of the paper, and executed it voluntarily, you must find for plaintiff.

(E) If the jury believe from the evidence that Butler induced Lucy Hill to believe, when she was in B. C. Tarver's office on August 9, 1906, that the paper she is said to have signed at that time was something else than a deed, they must find for plaintiff.

(F) If the jury believe from the evidence that Butler induced Lucy Hill to make her mark to the deed to Butler dated August 9, 1906, and acknowledged the execution thereof by making her believe that the paper

she was signing or acknowedging was her will, they must find a verdict for plaintiff for the land sued for.

RUSHTON, WILLIAMS & CRENSHAW, for appellant.

BALL & SAMFORD, for appellee.

McCLELLAN, J.—Lucy Hill instituted this action in statutory ejectment against Adolph Butler, to recover four acres of land. The land formerly belonged to Lucy, having come to her through her husband, Warren Hill. Butler's reliance for right and title to the land is a deed, purporting to have been executed, by mark, by her to him on August 9, 1906, and attested by B. C. Tarver and H. S. Houghton, and acknowledged according to the form prescribed by law before Tarver, as justice of the peace. Tarver died before the trial below. Lucy asserts that this instrument was and is .void, and so on two grounds, as we interpret the contentions from the evidence: (a) That she did not sign the paper—that the acknowledgment is false; (b) and, failing herein, that she was induced by the fraudulent scheming and misrepresentations of Butler to execute the instrument.

(1) In the early case of *Munn v. Lewis,* 2 Port. (Ala.) 24, it was ruled that the act of an officer, so authorized, to take acknowledgment of conveyances, was ministerial, not judicial. This doctrine prevailed in *Halso v. Seawright,* 65 Ala. 431, and *Abney v. De Loach,* 84 Ala. 393, 399, 4 South. 757. The like doctrine colored, if not more, the rulings in other cases. But this court long since departed from the doctrine, doubtless upon and because of the considerations thus stated in *Grider v. American F. L. M. Co.,* 99 Ala. 281, 290, 12 South. 775, 779 (42 Am. St. Rep. 58) : "We know the absolute

and implied faith and trust which, in practice, pur·
chasers of real estate repose, and must of necessity re-
pose, in the ·formal and regular certificates of author·
ized officers, authenticating the regular and legal exe-
cution of conveyances, and the disastrous consequences
which may flow from a rule which would allow those
certificates to be questioned and set aside against pur-
chasers who have parted with valuable interests in re-
liance upon them.   *   *   *"

But, at the same time, this court expressed, with like
consummate caution and comprehension of the import-
ance and relation of the injury, the hazard and injus-
tice of a rule that would clothe an officer with too great
power in the premises, when it said: "*   *   * Yet on
the other hand, we perceive the manifest injustice of
a rule which would deprive one of his property, without
his knowledge or consent, upon the mere baseless fab-
rication of another."

The departure from the rule of the earlier cases men-
tioned was fundamental and brought the court to the
view that the taking of acknowledgments of convey-
ances by an officer so authorized was not a ministerial
act, but an act judicial in nature. At first the court,
upon occasion, characterized the power thus exercised
as either judicial or quasi judicial. However, the more
recent expressions of this court have deliberately de-
fined the nature of that power as judicial, without qual-
ification. From this premise the necessary result was,
as the court had often ruled, to visit upon the act, by
an officer so authorized, in taking an acknowledgment,
the rules of law usually applicable to the consideration
of acts and processes judicial in the ordinary sense in
which this power manifests itself in judicial matters.
·The position of this court, established by deliberate and
cautious consideration, appears not to be in accord with

the view prevailing in many other jurisdictions—a view that has been affected, if not induced, by the logic of the principles and the considerations stated in 1 Enc. L. & P. pp. 868-70. Whether this court will, when the occasion unavoidably arises, apply to the acts of misfeasance or malfeasance of an officer authorized to take and certify acknowledgments the full principles of the law relating to judicial power in its true legal sense, is a question not to be anticipated.

The nature of the act of taking an acknowledgment of conveyances being judicial, the necessary consequences is that this court has affirmed and enforced the doctrine that where an officer authorized to take and certify acknowledgments acquires jurisdiction in the given case to do so, and certifies the facts and acts so taking place in the form and as the law prescribes, the certification thus made can only be contradicted or impeached on the ground of fraud or duress. So we have come to the doctrine that may be thus stated in legal formula: Parol evidence is only admissible, in such circumstances, to show: First, the absence of jurisdiction of the officer to take the acknowledgment questioned in the concrete case; and, second, that fraud or duress affected the process of giving and taking the acknowledgment.

(2) While an acknowledgment is, when efficacious, a part of a conveyance, yet in cases where the conveyance (apart from the acknowledgment) is not affected with any element of invalidating circumstance, and could stand as valid and efficacious to pass the title or right it purports to transmit without an acknowledgment, the conveyance could and would stand, notwithstanding the absence of jurisdiction, or the presence of fraud or duress might have avoided the act and certification of the officer assuming to take and certify the acknowledg-

ment.—*Wright v. Bentley Lumber Co.,* 186 Ala. 616, 65 South. 353. Such is not, of course, possible, where the subject of the conveyance is the homstead, to the alienation of which the wife must assure her consent and express her concurrence by a formal acknowledgment.

Now what are the elements of this jurisdiction, when authoritatively exercised? As the logical, sequential result of the premise afforded by the judicial character of the act of taking and certifying an acknowledgment —a result that by steady, sound progression in well-considered adjudications here has been attained—this concise statement taken from *Orendorff v. Suit,* 167 Ala. 564, 565, 62 South. 744, of established doctrine, as respects jurisdiction to act and certify, is the law with us: "* * * When the certifying officer acquires jurisdiction by having the grantor and the instrument to be acknowledged before him, and enters upon the exercise of his jurisdiction, the resulting certificate is conclusive of the truth of all those facts therein stated which the officer is authorized by law to state. * * * The mere casual presence of a putative grantor and the possession of an instrument purporting to have been signed are not sufficient to confer jurisdiction."

In addition to the decisions noted in the opinion quoted, these, subsequently delivered, are, in principle, in accord: *Byrd v. Bailey,* 196 Ala. 452, 53 South. 773, Ann. Cas. 1912B, 331; *Parrish v. Russell,* 172 Ala. 1, 55 South. 140; *Freeman v. Blount,* 172 Ala. 655, 55 South. 293; *Gilley v. Denman,* 185 Ala. 561, 64 South. 97. In the last decision a distinction was taken, whereupon it was affirmed that the regularly certified acknowledgment, before an officer so authorized, did not preclude parol evidence to show that the acknowledgor did not execute the conveyance voluntarily, though such an one did acknowledge before the officer that its exe-

cution was voluntary. Evidence to show that the execution was not voluntary is referable to the catagory that permits parol proof of fraud and duress for the purpose of invalidating the instrument.

(3) It appears without dispute from the evidence that Lucy Hill was present before the justice of the peace on the occasion when the certificate of acknowledgment recites her voluntary execution of the instrument; and that the instrument was written by the officer at that time. There is, however, conflict in the evidence upon the third and, if present, completing jurisdictional element, viz., whether it was the purpose of Lucy Hill, on this occasion, to give an acknowledgment of her execution of the instrument in question. If she went there for the purpose of perfecting the execution and acknowledgment of a conveyance to Butler, or came to entertain that purpose while in the presence of the officer, and thereupon submitted herself to officer's exercise of his power to take her acknowledgment of the execution of the instrument, then the officer's jurisdiction was complete and conclusive of the facts certified by him, which certification, so conclusive, comprehended her execution of the instrument and rendered it valid, unless vitiating fraud affected her induction to execute it.

While, as said in *Gilley v. Denman*, 185 Ala. 651, 64 South. 97, upon invitation of the facts there shown, "it is not essential to the impeachment of a certified acknowledgment that the certifying officer should participate in the fraud or duress practiced upon the grantor," yet, under the evidence here recorded, it was, if the acknowledgment was to be invalidated, inevitable that the officer should have lent himself, as an officer, to the not only false certification of facts, but also that

he immediately contributed to the forgery of Lucy Hill's name (mark) to the instrument.

(4) There was evidence before the jury tending to sustain the plaintiff's second contention, viz., of fraudulent misrepresentation inducing the grantor to consent to the execution of a deed to Butler, instead of a will in his favor, which it was thought necessary, in order to comply with the terms of the original devise of the property to her, to effect the investment of Butler with title to the land. Under the evidence, the perfection and effectuation of this change was, if affected with vitiating fraud, a necessary result of a wrong wrought by the concurrence of misconduct of both the officer, Tarver, and Butler; it being asserted by plaintiff that she did not sign by her mark, or otherwise authorize the signation of the instrument of August 9, 1906. So, under the evidence in this case, charges numbered 2 and 5, refused to defendant, should have been given. Their refusal was error.

(5) It was not error to refuse charge 3, requested by defendant, for that it pretermitted in hypothesis the phase of the evidence wherefrom the jury might have concluded that the purpose entertained by Lucy Hill when she gave, if so, the acknowledgment before the officer was predicated of fraudulent misrepresentation affecting the previous (to the acknowledgment) judgment of Lucy Hill. In other words, the acknowledgment of the execution of the instrument may have been perfect, yet back of that there may have intervened such fraudulent conduct by Butler in the premises as to avoid the instrument. charge 4, requested by defendant, was, for like reason, well refused. Charge 6, refused to defendant, appears to have been sufficiently covered by charge 5, given to the jury at defendant's request.

Under the evidence tending to support the two before stated theories pressed for the defendant, we can see no fault in any of the charges given for plaintiff, viz., those lettered A, B, C, D, E, and F.

(6) The value of the land in question was relevant and admissible on the issue of fraudulent conduct on the part of Butler in his asserted induction of plaintiff to execute a deed, in lieu of the supposed ineffectual testamentary instrument wherein he was the beneficiary.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.