(78 South. 791)

McKENZIE et al. v. HIXON et al.

(1 Div. 30.)

(Supreme Court of Alabama. May 9, 1918.)

1. APPEAL AND ERROR ⟾500(3) — ASSIGNMENTS OF ERROR—ABSENCE OF RULING.

Assignments of error complaining of admission of evidence present nothing for review; there being no rulings on objection to evidence shown by the record.

2. ACKNOWLEDGMENT ⟾55(1)—CERTIFICATE—CONCLUSIVENESS.

The act of taking an acknowledgment of a conveyance being judicial in nature, a certificate of acknowledgment in the form prescribed by law is conclusive of the facts and acts recited, unless the officer is shown not to have acquired jurisdiction of the person or persons making the acknowledgment, or unless the act of giving the acknowledgment was characterized by or affected with fraud or duress.

3. ACKNOWLEDGMENT ⟾20(1)—PERSONS WHO MAY TAKE—COUSINS.

Notwithstanding the character and quality of an officer's act in taking an acknowledgment is judicial in nature, a first cousin of a grantee in a deed is not disqualified to take and certify the acknowledgment of the grantors in executing the conveyance; Code 1907, § 4626, as to disqualification of certain judicial officers having no application to taking of acknowledgment by officers.

4. ADVERSE POSSESSION ⟾60(1)—WHAT CONSTITUTES.

Occupation of land in subordination, not in hostility, to title and right of grantees will not divest title by adverse possession.

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Bill by Mahala McKenzie and others against Carl Hixon and others. From a de-

---

cree denying relief to complainants, and granting relief to defendants on their answer, treated as a cross-bill, complainants appeal. Affirmed.

Charles L. Hybart, of Monroeville, for appellants. Barnett, Bugg & Lee, of Monroeville, for appellees.

McCLELLAN, J. The appellants filed this bill against the appellees to quiet title to the land described therein. The appellees constituted their answer a cross-bill wherein they sought the affirmation that the title to the land in question was in them. The appellants trace their claim of interest in the land from Aaron McKenzie, who died about 1913. The appellees (cross-complainants) rely for their title upon a deed, of date August 7, 1891, from Aaron and Mahala McKenzie to Alfred C. and Liston A. Hixon. The court below sustained and confirmed the claim of the appellees (cross-complainants) to the land in question, denying relief upon the original bill of the appellants.

[1] The assignments of error numbered 2 to 6, inclusive, complain of the action of the court in admitting items of evidence described in them. Since no ruling of the court on these objections to evidence is shown by the record, nothing is presented thereby for review. There are, in consequence, but two questions presented for consideration here, viz.: Whether the deed from Aaron McKenzie and wife to the Hixons, executed in 1891, was a valid conveyance; and, if so, whether adverse possession had divested the title acquired by the Hixons under this deed.

[2] It is settled in this jurisdiction that the act of an officer authorized to take acknowledgments of conveyances is judicial in nature, and that the officer's certificate of acknowledgment, in the form the law prescribes, is conclusive of the facts and acts recited, unless the officer is shown not to have acquired jurisdiction of the person or persons making the acknowledgment, or unless the act of giving the acknowledgment was characterized by or affected with fraud or duress. Butler v. Hill, 190 Ala. 576, 67 South. 260, and decisions therein cited.

[3] Notwithstanding the character and quality of an officer's act of taking an acknowledgment is judicial in nature, a first cousin of a grantee in a deed is not disqualified to take and certify the acknowledgment of the grantors in executing the conveyance. Code, § 4626, defining, though not exclusively, the causes of disqualification of judicial officers, has no reference or application to the taking of acknowledgments by officers. That statute applies, alone, to judicial officers in respect of their service in the administration of the law through actions, suits, or proceedings in the courts. Since there is no statute defining the qualification of of-

ficers to take and certify acknowledgments, some advice may be afforded by recourse to the rule of the common law whereby the disqualification of a judge to discharge a judicial function has been declared or defined. The rule at common law was that mere relationship to a party to a cause did not disqualify a judge, though the judge had the privilege of declining jurisdiction on that account. 15 R. C. L. p. 532; 23 Cyc. p. 583; 12 Ann. Cas. p. 516. This common-law rule has been generally abrogated, as was done in statutes of this state parent to Code, § 4626. Crook v. Newborg, 124 Ala. 479, 27 South. 432, 82 Am. St. Rep. 190; Pegues v. Baker, 110 Ala. 251, 17 South. 943, among others. The conclusion to which this common-law rule inclines the judgment upon the question under review is that the acknowledgment here assailed, on the ground that the officer taking it was a first cousin of the grantees, is not void. It is valid; and being valid and in proper form was not subject to impeachment on any ground other than those before enumerated, none of which were supported by evidence in this record. The deed was operative to pass the title of the McKenzies to the Hixons upon its delivery in 1891.

[4] A careful review of the entire evidence bearing on the issue of adverse possession leads this court to the conclusion that the appellants failed to sustain their contention that the title of the Hixons had been divested by adverse possession. The weight of the evidence justified the conclusion of the court below that the occupancy of the land by the McKenzies was in subordination, not in hostility, to the title and right of the grantees in the conveyance mentioned. The decree appealed from was well rendered. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.