(79 South. 250)

HAGAN BROS. et al. v. BEATY. (5 Div. 707.)

(Supreme Court of Alabama.    May 9, 1918. On Rehearing, June 6, 1918.)

1. ACKNOWLEDGMENT ⬤═══19—NOTARIES—POWERS.

A notary is without power to take an acknowledgment out of his county.

2. ACKNOWLEDGMENT ⬤═══62(1) — NOTARIES — POWERS—QUESTIONS OF FACT—EVIDENCE.

Although acknowledgment purports to have been taken in one county, it can be shown by parol that notary took the acknowledgment in another county.

Appeal from Circuit Court, Coosa County; A. H. Alston, Judge.

Bill to quiet title by T. J. Beaty against Hagan Bros. and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Geo. A. Sorrell, of Alexander City, for appellants. Felix L. Smith, of Rockford, for appellee.

McCLELLAN, J. The original bill was filed by Beaty, appellee, against the appellants. It sought to quiet the title of the complainant to certain lands in Coosa county, Ala. Code, § 5443 et seq. The defendants (appellants) propounded their claim that they held a mortgage on these lands, executed by complainant and his wife to them. The answer was constituted a cross-bill, and foreclosure of the mortgage was prayed. The court awarded the complainant relief by canceling the instrument asserted through the answer, and this, on the ground that the instrument was not efficiently executed, there being no valid acknowledgment given or taken.

[1, 2] The instrument in question purported to mortgage lands lying in Coosa county, Ala. The complainant and his wife resided on this land at the time the instrument is said to have been signed. It was a homestead. It could not be validly subjected to mortgage without the separate acknowledgment by the wife of the execution of the instrument. Code, § 4161. The certificate of acknowledgment on the paper purports to be a memorial by an officer authorized to take acknowledgments, viz. a notary public, of an acknowledgment given and taken in Talladega county, Ala. The officer so certifying was authorized to take acknowledgments in Talladega county, Ala.; but he had no power or authority to take acknowledgments in Coosa county, Ala. It is settled here that an officer authorized to take and certify acknowledgments in one county is without power to take an acknowledgment in another county. "The jurisdiction of an officer, elected and appointed, is local. It is confined to the territorial area for which he is commissioned. Within that territorial area, whether large or small, he can perform official functions. Outside of it, he is a private person, having no official power or jurisdiction. An act done by him beyond the boundaries of his local jurisdiction, no matter how formal he may make it appear, is sheer usurpation, having no official validity." Edinburg Mortgage Co. v. Peoples, 102 Ala. 241, 244, 14 South. 656; New England Mortgage Co. v. Payne, 107 Ala. 578, 18 South. 164; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Chatt., etc., Ass'n v. Vaught, 143 Ala. 389, 39 South. 215; Thompson v. Mortgage Co., 110 Ala. 400, 407, 408, 18 South. 315, 55 Am. St. Rep. 29; American Mortgage Co. v. King, 105 Ala. 358, 360, 16 South. 889. If the acknowledgment certified as having been given and taken in Talladega county was not there given and taken, but was, in fact,

undertaken to be effected in Coosa county by the officer only authorized to take acknowledgments in Talladega county, there was no valid acknowledgment taken, the notary public, purporting to certify that a .regular acknowledgment was given and taken, being without jurisdiction or power to take an acknowledgment in Coosa county. The issue was one of fact, and parol evidence was admissible to show the entire absence of jurisdiction on the part of the notary public to take the purported acknowledgment in Coosa county. Butler v. Hill, 190 Ala. 576, 67 South. 260, and decisions therein cited. The court below decided this issue of fact in favor of the, complainant. A careful review and consideration of the whole evidence confirms the correctness of the conclusion attained in the trial court. It is unnecessary, as well as otherwise undesirable, to recite the evidence bearing on the issue stated. Since the only acknowledgment of the execution of this mortgage undertaken to be made or given by Beaty and wife was in Coosa county, the instrument is void for want of a valid acknowledgment.

The decree is affirmed.

.Affirmed.

ANDERSON, C. J., and SAYRE and GARD-NER, JJ., concur.

On Rehearing.

McCLELLAN, J. It is insisted in support of the application for rehearing that in attaining the conclusion to affirm the decree proper effect could not have been given to the phase of the respondents' evidence tending to show that the mortgage in question was re-executed in Talladega county, acknowledged before the notary who was authorized to take and certify acknowledgments in Talladega county. This phase of respondents' evidence was neither overlooked nor its probative effect at all minimized. Our conclusion on the dominant issue of fact comprehended due consideration of that phase of the evidence. The mortgage bears but one acknowledgment. No effort at reacknowledgment (Hess v. Hodges, 78 South. 85, 86,[1] and cases there cited) appears to have been made. The certificate shown with the mortgage was dated November 12, 1914. The whole evidence proves that on November 12, 1914, Beaty and his wife were at their home in Coosa county, not in Talladega county, and that on that date, the true date, the notary took the only acknowledgment disclosed by the instrument as reproduced in the record before this court. Beaty and his wife testified that there was no effort at acknowledgment, or a reacknowledgment of the mortgage, in Talladega county, either before or after the amount of the mortgage was changed from $1,260 to $4,500. Of course, if the

mortgage had been at any time effectually acknowledged in Talladega county—wherein the notary had jurisdiction to take and certify acknowledgments—the instrument would have been effective; but the conclusion of fact the whole evidence seems to us to require is that there was but one effort to take and certify an acknowledgment of this mortgage, and that was in Coosa. county, not Talladega county.

The application is overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.