(79 South. 358)

### FAIR et al. v. CUMMINGS.   (8 Div. 95.)

(Supreme Court of Alabama.   June 6, 1918.)

1. ACKNOWLEDGMENT  ⟂20(3) — DISQUALI-
FICATION OF NOTARY—ATTORNEY FOR MORT-
GAGEE.

That a notary taking the acknowledgment of a mortgage was attorney for mortgagee does not render the mortgage void.

2. ACKNOWLEDGMENT  ⟂20(3) — ATTESTA-
TION—DISQUALIFICATION OF NOTARY.

Where no homestead rights are involved, an acknowledgment of a woman's mortgage by notary, who was attorney for mortgagee, is a good attestation of the mortgage, regardless of the disqualification of notary.

3. MORTGAGES  ⟂616 — REDEMPTION —
BILL IN EQUITY.

An amendment to a bill praying cancellation of a mortgage for duress, setting up that, if mortgage was not void complainants offered to redeem said mortgage by paying the amount held to be due thereunder, *held* insufficient as a bill to redeem.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Bill by Etta B. Fair and Lydia E. Hughes against W. S. Cummings. From a decree for defendant, complainants appeal. Affirmed.

See, also, 197 Ala. 131, 72 South. 389.

Bill filed on August 14, 1914, by Etta B. Fair and Lydia E. Hughes, seeking a cancellation of a certain mortgage executed to the respondent on real estate therein described, situated in the city of Decatur, Ala. The mortgage is made an exhibit to the original bill, and recites a consideration of $3,500, payable at stated times in four installments, of $875 each, and also provides for foreclosure, etc., on default in the payment of any of the installments. The mortgage is sought to be canceled on the grounds that, although it recites a consideration of $3,500, there was in fact no consideration therefor to either of the complainants; that respondent, some two or three months prior to the execution of the mortgage, had made a gift to complainant Etta B. Fair; and that subsequently she, with her daughter, Lydia E. Hughes, upon threats of violence on the part of respondent, executed the mortgage in question, and the same was therefore void, as given under duress; that as to said Lydia E. Hughes no money was received by her, that she owned an interest in the property described in the mortgage, and merely signed said mortgage with her mother also under duress. The mortgage is also sought to be canceled upon the ground that it was acknowledged before the attorney who was employed by the mortgagee to prepare the mortgage for execution, and who was also a notary public, and therefore on account of said relationship he was disqualified from taking said acknowledgment.

At the time the bill was filed notice of the foreclosure had been given and no injunc-

tion issued to prevent the same. The foreclosure sale was had on August 17, 1914; the mortgagee (respondent) becoming the purchaser. An amendment to the bill was filed September 2, 1914, setting up said foreclosure, the purchase of the property by respondent, and asking that said sale be canceled and set aside.

Respondent filed an answer and cross-bill, denying the material averments of the bill, insisting that the consideration of the mortgage was $3,500 advanced to the complainants with the express understanding that each of them was to sign the mortgage to secure said amount; that it was not a gift to complainant Etta B. Fair, but a loan for the purpose of building houses on the property mortgaged. The answer also denies any threats, undue influence, or duress, and avers that the mortgage was voluntarily executed by the complainants for a valuable consideration; that Attorney Lynne, before whom the acknowledgment was taken, did receive compensation for preparing said mortgage, but it was in no wise dependent upon the execution of said mortgage, and he had no interest in the property or in the execution of the mortgage. It is further averred that no part of the indebtedness had been paid, and the mortgage was foreclosed in accordance with its terms, when he (respondent) became the purchaser. The answer is prayed to be taken as a cross-bill. It is also prayed that it be decreed that the mortgage was executed for a consideration of $3,500, and that the foreclosure sale thereof be ratified and confirmed.

One branch of the litigation was appealed to this court, and is found reported as Fair v. Cummings, 197 Ala. 131, 72 South. 389. After the decision on former appeal, on July 10, 1916, complainants amended their bill by inserting another paragraph in lieu of paragraph 4 of the original bill, setting up that respondent made no loan of money to complainant Etta B. Fair, but made a gift to her, and that all the money he gave her did not exceed $3,200. Paragraph 11 was also added, wherein it was alleged that the said $3,200 was received as a gift; that at the foreclosure sale the property brought $4,100, which was in excess of the amount actually due; and complainants pray, if they are mistaken in averring that the mortgage is void, they submit themselves to the jurisdiction of the court, and offer to redeem said mortgage by paying the amount held to be due thereunder. It is further prayed that a reference be had for that purpose, and that respondent be charged with any rents received by him.

Upon submission of the cause for final decree, the court rendered a decree in favor of the respondent, holding that the mortgage was a valid mortgage to secure an indebtedness of $3,500 owing by the complainants,

---

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which was duly foreclosed on August 17, 1914, the respondent, W. S. Cummings, becoming the purchaser of the property therein described, and further decreeing that said sale be ratified and confirmed. From this decree the complainants prosecute this appeal.

G. O. Chenault, of Albany, for appellants. Wert & Lynne, of Decatur, for appellee.

GARDNER, J. Appellants in their original bill sought to cancel the mortgage here in question upon the grounds that it was without consideration, executed under duress, and that the notary public who took the acknowledgment of the mortgagors was at the time employed by the mortgagee as an attorney to prepare said instrument for execution. We will enter into no discussion of the facts. Suffice it to say the evidence has been given very careful consideration, and we have reached the conclusion that the mortgage here involved was executed upon a consideration of $3,500, as is recited in the mortgage; that said sum was advanced to complainant Etta B. Fair upon the agreement of said Etta B. Fair and her daughter, complainant Lydia E. Hughes, that they would secure the same by the execution of said mortgage; and that, in fact, $2,400 was paid to the said Etta B. Fair by the respondent at the time of the execution of said mortgage. We are further persuaded that the instrument was executed without duress, and was entirely voluntary on the part of the complainants.

[1, 2] The insistence that the mortgage is void because of the fact that the attorney of the mortgagee, who was also a notary, took the acknowledgment, is without merit. This question has been determined, by analogy at least, against the contention of the complainants in the case of McKenzie v. Hixon, 201 Ala. 413, 78 South. 791. See, also, Devlin on Deeds, § 477a, and authorities there cited. Moreover, as there is no suggestion of homestead rights involved, we are unable to see any reason why such acknowledgment should not be treated as a proper attestation of the instrument, without regard to the question of disqualification of the notary, as here insisted.

The above-stated conclusions, therefore, determine the validity of the mortgage in every respect as against the contention set up in the original bill, and disclose that, as against any relief sought in the bill, the foreclosure proceedings were properly allowed to stand, and were confirmed by the court.

[3] A reference to the foregoing statement of the case will disclose the insufficiency of the amendment to the bill of July 10, 1916, as one for the exercise of the equity of redemption. Security Ass'n v. Lake, 69 Ala. 456. It will appear, therefore, that no occasion is presented for the application of the principle of Carroll v. Henderson, 191 Ala. 248, 68 South. 1, as to said foreclosure sale.

The decree of the court below will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.